■ PANAGIOTA NICOLAIDES, Appellant, v GEORGE NICOLAIDES et al., Respondents, et al., Defendants.—In an action to compel a determination of claims to real property pursuant to RPAPL article 15, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered February 15, 1989, which, after a jury trial, "declared that the deed dated October 18, 1978, between Panagiota Nicolaides of the first part and George Nicolaides of the second part of the subject premises conveyed and vested a legal and beneficial interest in fee to the subject premises in defendant George Nicolaides and that plaintiff Panagiota Nicolaides is barred from any and all claims to any estate or interest in the subject premises".

Ordered that the judgment is reversed, on the law, with costs, the deed dated October 18, 1978, is set aside, and it is declared that the plaintiff is the lawful owner of the subject premises.

The defendant George Nicolaides, a licensed real estate broker, claimed to have purchased a six-family apartment

building in 1978 from the plaintiff, his sister-in-law, pursuant to an oral agreement allegedly consummated when he was visiting the plaintiff in Greece, where she was residing at the time. According to the defendant George Nicolaides, who had been managing the subject premises for the plaintiff in her absence, it was orally agreed that the purchase price would be $45,000, $25,000 of which was to constitute a down payment, with the remaining $20,000 to be paid in monthly install- ments over a 10-year period at an interest rate of 8% per annum. There is no writing evidencing the foregoing terms of sale.

It is undisputed that in October 1978 the defendant George Nicolaides, without the plaintiff's permission, either signed the plaintiff's name to a deed he had prepared conveying the subject premises to himself, or caused another individual to do so, after which he notarized and recorded the document. Although he claimed that he requested a power of attorney from the plaintiff when he visited her in Greece, a power of attorney was never provided. Nevertheless, he caused her name to be placed on the deed because he had allegedly made payments towards the purchase price, and because "every- thing" had been done orally in the past with respect to family matters.

In December 1985 the plaintiff, who had been residing continuously in Greece since 1978, become aware of the deed to George Nicolaides and commenced the instant action pursu- ant to RPAPL article 15, *inter alia,* for a judicial determina- tion that she was the true owner of the premises. After a trial, the jury found that the alleged agreement, although oral, was nevertheless enforceable under the equitable doctrine of part performance, since the defendant George Nicolaides had shown conduct "unequivocally" referable to the oral agree- ment. The plaintiff appeals, arguing, *inter alia,* (1) that the evidence adduced at trial was insufficient as a matter of law to establish conduct unequivocally referable to the alleged oral contract, and (2) that the defendant George Nicolaides' im- proper conduct in causing the plaintiff's name to be placed on the deed requires a finding of "unclean hands," foreclosing the availability of equitable relief.

"It is axiomatic that an oral agreement for the sale of real property is unenforceable under the Statute of Frauds" *(Jones- town Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847, 849; General Obligations Law § 5-703 [2]; *Burns v McCormick,* 233 NY 230, 233; 61 NY Jur 2d, Frauds, Statute of, § 105). Nota- bly, "[t]he doctrine of part performance may be invoked only

if the [defendant's] actions can be characterized as 'unequivo-cally referable' to the agreement alleged" *(Anostario v Vici-nanzo,* 59 NY2d 662, 664, quoting from dissenting opn of Mahoney, J., at 56 AD2d 406, 412). It is "not sufficient * * * that the oral agreement gives significance to the [defendant's] actions. Rather, the actions alone must be 'unintelligible or at least extraordinary', [and] explainable only with reference to the oral agreement" *(Anostario v Vicinanzo, supra,* at 664, quoting from *Burns v McCormick, supra,* at 232; *see, Cooper v Schube,* 86 AD2d 62, *affd* 57 NY2d 1016). Significantly, the doctrine of part performance "is based on principles of equity, in particular, recognition of the fact that the purpose of the Statute of Frauds is to prevent frauds, not to enable a party to perpetuate a fraud by using the statute as a sword rather than a shield" *(Scutti Enters. v Wackerman Guchone Custom Bldrs.,* 153 AD2d 83, 87).

At bar, the proof was insufficient as a matter of law to show actions "unequivocally referable" to the alleged oral agree-ment. We note that George Nicolaides failed to establish by documentary evidence that the various components of the alleged $25,000 down payment were actually made. Although he testified at the trial that the $25,000 down payment con-sisted, *inter alia,* of (1) his forgiveness or payment of debts the plaintiff owed to him and to third parties, (2) the conveyance to the plaintiff of certain properties he owned in Greece, and (3) additional cash payments, he neither provided documen-tary proof of the foregoing transactions nor provided proof, such as canceled checks, which made reference to the alleged oral agreement.

Nor do we find unequivocally referable conduct in the series of checks produced by the defendant George Nicolaides at trial, the majority of which were in the amount of $242.66 and marked with the notation "Mtg. 323 68th St." The defendant George Nicolaides claimed that the checks were given pursu-ant to a 10-year, $20,000 mortgage. However, only 33 checks were actually produced, the earliest of which was dated Sep-tember 8, 1981, some three years after the property was allegedly conveyed. Moreover, certain of the checks claimed to constitute mortgage payments are in odd amounts which are not multiples of the alleged monthly payment. Further, it is undisputed that prior to the alleged conveyance, the defen-dant George Nicolaides acted as the building's managing agent, creating the possibility—by no means sufficiently dis-pelled on the record before us—that the checks in question may have constituted remittances collected by him for the

plaintiff's benefit. In light of the foregoing, and considering that the alleged mortgage payments commenced some three years after the mortgage was allegedly given, we cannot say that the checks constitute the requisite unequivocal acts relating to the purported oral agreement.

Finally, we note that the doctrine of part performance is essentially equitable in nature *(see, Scutti Enters. v Wackerman Guchone Custom Bldrs.,* 153 AD2d 83, 87, *supra)*. It is well settled that one who has acted inequitably in connection with the matter in litigation may not obtain equitable relief where the party invoking the doctrine of "unclean hands" was injured by his conduct *(see, e.g., National Distillers & Chem. Corp. v Seyopp Corp.,* 17 NY2d 12; *Cohn & Berk v Rothman-Goodman Mgt. Corp.,* 125 AD2d 435; *see also, Ta Chun Wang v Chun Wong,* 163 AD2d 300). Here, it is undisputed that the defendant George Nicolaides, a licensed real estate broker with some 20 years of experience in the profession, placed the plaintiff's name on a deed, notarized her signature, and recorded the document, without informing the plaintiff that he had done so. Although he testified, *inter alia,* that he acted unilaterally because he had allegedly made payments towards the premises and because everything in his family had been done informally, the record contains no proof suggesting that he was ever authorized to undertake the highly irregular step of signing the plaintiff's name to a deed conveying the premises to himself. Under the circumstances, his questionable conduct strongly militates against the application of the equitable remedy of part performance.

In light of the foregoing, the judgment appealed from is reversed, the proposed conveyance to the defendant George Nicolaides is set aside, and it is declared that the plaintiff is the owner of the premises in question. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.