■ ROBERT ADELMAN, Appellant, v ELIANA RACKIS, Respondent. [622 NYS2d 564] —In an action, inter alia, for specific performance of a real estate contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated August 17, 1993, as denied his motion, inter alia, for summary judgment and granted the defendant's cross motion for partial summary judgment dismissing the second cause of action for specific performance and so much of the first cause of action as seeks to compel the defendant to convey the real property in question to him.

Ordered that the order is modified by deleting the provision thereof granting the defendant's cross motion for partial summary judgment and substituting therefor a provision denying the defendant's cross motion for partial summary judgment; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff is the defendant's son-in-law. The plaintiff claims that the parties had an oral agreement that the defendant would sell him her Staten Island home for $550,000. It is undisputed that over a period of a few months the plain-

tiff gave the defendant checks totalling close to $500,000. The plaintiff claims that the money was in partial payment for the home. The defendant allegedly refused to close title to the property, and the plaintiff then commenced this action seeking, among other things, specific performance of the contract (the second cause of action) and to compel the defendant to convey her Staten Island home to him (part of the first cause of action).

The plaintiff moved, *inter alia,* for summary judgment, and the defendant, invoking the Statute of Frauds, cross-moved for partial summary judgment dismissing the second cause of action and so much of the first cause of action as seeks to compel the defendant to convey her Staten Island home to him. Additionally, the defendant denied that she had agreed to sell her home to the plaintiff and contended that the plaintiff's payments to her were gifts or payments of rent since the plaintiff had been living on the premises. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion, concluding that the plaintiff's payments to the defendant could be explained as rent payments. We conclude that the Supreme Court erred in granting the defendant's cross motion for partial summary judgment.

As the Supreme Court acknowledged, the Statute of Frauds does not preclude a court of equity from compelling the specific performance of an agreement when there has been part performance (General Obligations Law § 5-703 [4]). " 'The doctrine of part performance may be invoked only if the [defendant's] actions can be characterized as "unequivocally referable" to the agreement alleged' *(Anostario v Vicinanzo,* 59 NY2d 662, 664, quoting from dissenting opn of Mahoney, J., at 56 AD2d 406, 412). It is 'not sufficient * * * that the oral agreement gives significance to the [defendant's] actions. Rather, the actions alone must be "unintelligible or at least extraordinary", [and] explainable only with reference to the oral agreement' *(Anostario v Vicinanzo, supra,* at 664, quoting from *Burns v McCormick* [233 NY 230], at 232; *see, Cooper v Schube,* 86 AD2d 62, *affd* 57 NY2d 1016). Significantly, the doctrine of part performance 'is based on principles of equity, in particular, recognition of the fact that the purpose of the Statute of Frauds is to prevent frauds, not to enable a party to perpetrate a fraud by using the statute as a sword rather than a shield' *(Scutti Enters. v Wackerman Guchone Custom Bldrs.,* 153 AD2d 83, 87)" *(Nicolaides v Nicolaides,* 173 AD2d 448, 449-450).

The Supreme Court, rejecting the doctrine of part performance, found that the plaintiff's payments to the defendant

and his possession of the property "could * * * be explained as the payment of rent for the use of the property." This conclusion is contrary to the documentary evidence that was presented to the court. In January of 1986, the plaintiff gave the defendant a check in the amount of $430,360.18. By the defendant's own admission, the plaintiff did not move into her Staten Island home until June of 1986. Thus, there is evidence from which a trier-of-fact might conclude that the plaintiff's payment of such a large sum of money to the defendant is extraordinary and explainable only by reference to the alleged oral agreement for the sale of the defendant's home. In sum, the plaintiff has established that there are questions of fact with regard to the defendant's Statute of Frauds defense that preclude the award of partial summary judgment to the defendant on the second cause of action for specific performance and on so much of the first cause of action as seeks to compel the defendant to convey to the plaintiff her Staten Island home (see generally, CPLR 3212 [b]).

Finally, we conclude that there are questions of fact which preclude the granting of summary judgment to the plaintiff on any of his causes of action (see generally, CPLR 3212 [b]). Sullivan, J. P., Rosenblatt, Joy and Hart, JJ., concur.