■ PHILIP F. ALBA, P. C., Appellant, v KATHLEEN LINDEN-MAN, Defendant, and JOSEPH RUDY, Respondent. [735 NYS2d 613] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 12, 2000, as granted the motion of the defendant Joseph Rudy to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, former counsel to defendant Kathleen Lindenman, seeks to enforce an alleged oral promise made by Lindenman's brother, the codefendant Joseph Rudy, to pay for his sister's legal representation. The Supreme Court properly concluded that such a claim is barred by the Statute of Frauds, which requires that an agreement to answer for the debt of another must be in writing (see, General Obligations Law § 5-701 [a] [2]). Furthermore, contrary to the plaintiff's contention, Rudy's alleged partial performance, i.e., two payments totaling $3,000, was not unequivocally referable to any alleged agreement between these two parties, and thus was insufficient to remove the alleged agreement from the Statute of Frauds (see,

*Aversa Brokerage v Honig Ins. Agency,* 249 AD2d 345; *Rosenheck v Calcam Assocs.,* 233 AD2d 553).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.