■ DAVID K. LUFT, JR., Appellant, v DAVID K. LUFT, SR., et al., Respondents. [859 NYS2d 694]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated September 19, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

In 1988 the plaintiff allegedly entered into an oral contract with the defendants whereby the plaintiff would physically enhance farmland owned by the defendants and work to obtain subdivision approval for that land in exchange for one third of the proceeds of the sale of the parcels created through subdivision. According to the plaintiff, he attempted to memorialize the agreement in 1999, but the defendants cut off negotiations after proposing a writing which did not conform to the terms of the oral contract. Allegedly, three parcels created through subdivision were sold in 2000, 2001, and 2003, respectively, but the plaintiff did not receive the sale proceeds to which he was entitled under the terms of the alleged oral contract.

In 2003 the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants moved, inter alia, for summary judgment dismissing the complaint, and the Supreme Court granted that branch of their motion, concluding that the oral contract was unenforceable under the statute of frauds and, in any event, was time-barred by the statute of limitations. We reverse.

The Supreme Court should not have considered the defendants' argument concerning the statute of limitations because the defendants improperly raised it for the first time in their reply papers (see Yechieli v Glissen Chem. Co., Inc., 40 AD3d 988, 989 [2007]; Matter of TIG Ins. Co. v Pellegrini, 258 AD2d 658 [1999]; Potter v Blue Shield of Northeastern N.Y., 216 AD2d 773, 775 [1995]; Dannasch v Bifulco, 184 AD2d 415, 417 [1992]).

Moreover, the Supreme Court should not have awarded summary judgment to the defendants on the ground that the oral contract was unenforceable under the statute of frauds. The plaintiff asserts that the oral contract is a joint venture agreement not subject to the statute of frauds, but he has improperly

raised this contention for the first time on appeal (*see Rotundo v S & C Magnetic Resonance Imaging,* 255 AD2d 573, 574 [1998]). However, an agreement which violates the statute of frauds may be enforceable where there has been part performance "unequivocally referable" to the contract by the party seeking to enforce the agreement (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235-236 [1999]; *see* General Obligations Law § 5-703 [4]). Here, in response to the defendants' prima facie showing that the oral contract was unenforceable (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), the plaintiff raised triable issues of fact as to whether he had partially performed in a manner unequivocally referable to its terms. The plaintiff submitted affidavits indicating that in furtherance of the subdivision project, he cleared the defendants' land, performed excavation, constructed roads, conducted traffic surveys, met with engineers, and attended town planning board meetings. Thus, there is evidence from which a trier of fact might conclude that the plaintiff's conduct was extraordinary and explainable only by reference to the oral contract (*see Anostario v Vicinanzo,* 59 NY2d 662, 664 [1983]), and such triable issues of fact on the issue of part performance preclude an award of summary judgment dismissing the complaint on statute of frauds grounds (*see Panetta v Kelly,* 17 AD3d 163, 165 [2005]; *Adelman v Rackis,* 212 AD2d 559, 561 [1995]; *Ackerman v Landes,* 112 AD2d 1081, 1083 [1985]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.