■ Steven G. Pinkava et al., Respondents, v Anna Yurkiw et al., Appellants. [882 NYS2d 687]—

In an action, inter alia, for specific performance of an oral agreement to convey an interest in real property, the defendants appeal from an order of the Supreme Court, Queens County (Dorsa, J.), entered January 15, 2008, which denied their motion, in effect, to dismiss the first cause of action pursuant to CPLR 3211 (a) (7), for summary judgment dismissing the second through twelfth causes of action on the ground that they were barred by the statute of frauds, and for summary judgment on the counterclaims.

Ordered that the order is affirmed, with costs.

The plaintiff Sofia Pinkava and the defendant Anna Yurkiw are sisters. In May 1968 Sofia and her husband, the plaintiff Steven G. Pinkava (hereinafter together the Pinkavas), entered into a joint venture with Anna and her late husband George Yurkiw (hereinafter together the Yurkiws), to purchase and manage an apartment building for profit. In May 1968 the Pinkavas and the Yurkiws together purchased an apartment building located in Astoria, Queens. Each couple had a one-half ownership interest in the property. The Pinkavas and the Yurkiws managed the building and shared in the profits derived from rents. Neither couple resided in the building.

The Pinkavas claim that in January 1998 they entered into an oral agreement with the Yurkiws whereby they would pay the Yurkiws in the sum of $150,000 over time for their interest in the property and would manage the building alone while paying off the purchase price. The Pinkavas allegedly paid the Yurkiws a total of $51,000. In December 2002 George Yurkiw died. Thereafter, the Pinkavas allegedly offered to pay Anna the balance of the purchase price, but she would not accept the money until she located her late husband's paperwork showing the balance owed by the Pinkavas. In May 2006 Anna provided the Pinkavas with a handwritten document prepared by her late husband that allegedly showed a balance due of $99,000. In reliance, the Pinkavas claim that they ordered a title search and tendered a bank check in that amount to Anna. Anna, however, refused to accept it and the Pinkavas subsequently learned that

on July 6, 2006 Anna conveyed her interest in the property to her son, the defendant Mark Yurkiw. The plaintiffs then commenced this action seeking, among other things, to set aside the conveyance to Mark, to impose a constructive trust upon the Yurkiws' interest in the property, and for specific performance of the oral agreement. The defendants interposed counterclaims for, inter alia, the partition and sale of the property and an accounting.

The Supreme Court denied the defendants' motion, in effect, to dismiss the first cause of action pursuant to CPLR 3211 (a) (7), for summary judgment dismissing the second through twelfth causes of action on the ground that they were barred by the statute of frauds, and for summary judgment on the counterclaims. We affirm.

The statute of frauds prohibits the conveyance of real property without a written contract (*see* General Obligations Law § 5-703 [1]). While the statute of frauds empowers courts of equity to compel specific performance of agreements in cases of part performance (*see* General Obligations Law § 5-703 [4]), the claimed partial performance "must be unequivocally referable to the agreement" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *Luft v Luft*, 52 AD3d 479, 481 [2008]). It is not sufficient that the oral agreement gives significance to the plaintiff's actions. Rather, the actions alone must be " 'unintelligible or at least extraordinary,' [and] explainable only with reference to the oral agreement" (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983], quoting *Burns v McCormick,* 233 NY 230, 232 [1922]; *see Adelman v Rackis*, 212 AD2d 559, 561 [1995]). Significantly, the doctrine of part performance "is based on principles of equity, in particular, recognition of the fact that the purpose of the Statute of Frauds is to prevent frauds, not to enable a party to perpetrate a fraud by using the statute as a sword rather than a shield" (*Nicolaides v Nicolaides,* 173 AD2d 448, 449-450 [1991]; *see Scutti Enters. v Wackerman Guchone Custom Bldrs.,* 153 AD2d 83, 87 [1989]).

Here, in response to the defendants' prima facie showing that enforcement of the alleged oral agreement was barred by the statute of frauds (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the plaintiffs raised triable issues of fact as to whether they had partially performed in a manner unequivocally referable to its terms. The plaintiff Steven G. Pinkava submitted an affidavit indicating that he paid the Yurkiws a total of $51,000, assumed sole management responsibility of the property, ordered a title search, and tendered a bank check for the balance of the purchase price. The plaintiffs

also submitted a handwritten document prepared by Anna's late husband referencing "Steve" and the subject property, which showed a decreasing balance beginning with $150,000 in January 1998. Thus, there is evidence from which a trier of fact might conclude that the plaintiffs' conduct was extraordinary and explainable only by a reference to the oral contract (*see Anostario v Vicinanzo*, 59 NY2d at 664). This evidence raises a triable issue of fact as to part performance which precludes an award of summary judgment dismissing the second through twelfth causes of action on the ground that they were barred by the statute of frauds (*see Panetta v Kelly*, 17 AD3d 163 [2005]; *Adelman v Rackis*, 212 AD2d 559 [1995]; *Spirt v Spirt*, 209 AD2d 688 [1994]).

Moreover, accepting the plaintiffs' factual allegations as true, and according them the benefit of every favorable inference, as we must on a motion to dismiss for failure to state a cause of action (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the plaintiffs' allegations of payments to the Yurkiws of $51,000 and their contribution of time managing the property was sufficient to establish the transfer in reliance and unjust enrichment elements of a cause of action for a constructive trust (*see Salatino v Salatino*, 13 AD3d 512 [2004]; *Matter of Bayside Controls*, 295 AD2d 343, 346 [2002]; *Gottlieb v Gottlieb*, 166 AD2d 413, 414 [1990]).

The defendants' remaining contentions are without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.