■ PHILIP BARRETTI, Appellant, v DOMINICK DETORE et al., Respondents, et al., Defendants. (Action No. 1.) CML LOAN

FUND I, LLC, Respondent, v 156/158 CLOVE ROAD HOLDINGS, LLC, et al., Defendants, and PHILIP BARRETTI, Appellant. (Action No. 2.) [944 NYS2d 166]—

In an action, inter alia, to impose an equitable mortgage upon real property with priority over all other mortgages and liens (action No. 1), and a related action, inter alia, to foreclose a mortgage (action No. 2), Philip Barretti, the plaintiff in action No. 1 and a defendant in action No. 2, appeals from (1) an order of the Supreme Court, Richmond County (McMahon, J.), dated June 22, 2010, which, in action No. 1, in effect, converted the motion of the defendant CML Loan Fund I, LLC, pursuant to CPLR 3211 (a) (1) and, in effect, pursuant to CPLR 3211 (a) (5), to dismiss the complaint insofar as asserted against it in action No. 1, into a motion for summary judgment dismissing the complaint insofar as asserted against it in that action, and thereupon granted the motion, (2) an order of the same court dated August 3, 2010, which, in action No. 1, granted that branch of the motion of the defendants Dominick Detore, 156/158 Clove Road Holdings, LLC, Janice Detore, and Family Car Wash, LLC; which was for summary judgment dismissing the complaint insofar as asserted against the defendant Dominick Detore in action No. 1, and (3) an order of the same court dated June 22, 2010, which, in action No. 2, granted the motion of the plaintiff CML Loan Fund I, LLC, to dismiss his counterclaims in that action pursuant to CPLR 3211 (a) (4), and to dismiss his affirmative defenses in that action pursuant to CPLR 3211 (a) (1) and (7), and, in effect, pursuant to CPLR 3211 (b).

Ordered that the order dated June 22, 2010, issued in action No. 1, is modified, on the law, by deleting the provision thereof which, in effect, converted the motion of the defendant CML Loan Fund I, LLC, pursuant to CPLR 3211 (a) (1) and, in effect, pursuant to CPLR 3211 (a) (5), to dismiss the complaint insofar as asserted against it in action No. 1, into a motion for summary judgment, and thereupon granted the motion, and substituting therefor provisions granting that branch of the motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendant CML Loan Fund I, LLC, and denying, as academic, that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against the defendant CML Loan Fund I, LLC; as so modified, the order dated June 22, 2010, issued in action No. 1, is affirmed; and it is further,

Ordered that the order dated August 3, 2010, is affirmed; and it is further,

Ordered that the order dated June 22, 2010, issued in action No. 2, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In the complaint in action No. 1, the plaintiff, Philip Barretti, alleges that he and the defendant Dominick Detore (hereinafter Detore) were informal business partners engaged in a joint venture, pursuant to which they split the profits realized from certain real estate transactions. Barretti allegedly purchased two adjoining parcels of real estate on Staten Island in 2006 (hereinafter the subject properties). After Barretti allegedly agreed to sell the subject properties to Detore for the sum of $1,450,000, Barretti transferred the deeds for the subject properties to Detore, purportedly with the understanding that Detore would make monthly payments to Barretti in satisfaction of the purchase price, although the complaint does not specify the amount, term, or annual interest rate of this loan. Detore allegedly orally agreed with Barretti to execute a purchase money mortgage on the subject properties, as security for his indebtedness. The complaint concedes, however, that no such mortgage was ever executed.

In action No. 1, Barretti, inter alia, sought to impose an equitable mortgage on the subject properties, for which Detore had transferred his interest to his limited liability company, the defendant 156/158 Clove Road Holdings, LLC (hereinafter Clove Road Holdings). In that action, Barretti also sought a judgment prioritizing such equitable mortgage over all other interests, liens, and mortgages on the subject properties. As the holder of a recorded mortgage on the subject properties, the defendant CML Loan Fund I, LLC (hereinafter CML), moved to dismiss the complaint in action No. 1 insofar as asserted against it pursuant to CPLR 3211 (a) (1) and, in effect, pursuant to CPLR 3211 (a) (5), contending that Barretti's alleged mortgage interest failed to comply with the statute of frauds (see General Obligations Law § 5-703), and that any unrecorded mortgage interest held by Barretti was subordinate to its recorded mortgage under the race-notice recording statute (see Real Property Law § 291). The defendants Detore, Janice Detore, Clove Road Holdings, and Family Car Wash, LLC (hereinafter collectively the Detore defendants), separately moved for summary judgment dismissing the complaint insofar as asserted against them in action No. 1, contending that Barretti transferred the subject properties to Detore in exchange for certain other real

property, pursuant to a like-kind exchange under the Internal Revenue Code (26 USC) § 1031, and that Detore never promised to execute a mortgage in Barretti's favor on the subject properties.

The Supreme Court, in an order dated June 22, 2010, issued in action No. 1, in effect, converted CML's motion to dismiss pursuant to CPLR 3211 (a) (1) and, in effect, pursuant to CPLR 3211 (a) (5), into a motion for summary judgment, and thereupon granted the motion. In doing so, the Supreme Court erred, as it did not provide adequate notice to the parties (*see* CPLR 3211 [c]), and none of the recognized exceptions to the notice requirement was applicable (*see* CPLR 3211 [c]; *Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Velez v Captain Luna's Mar.*, 74 AD3d 1191 [2010]; *Neurological Servs. of Queens, P.C. v Farmingville Family Med. Care, PLLC*, 63 AD3d 703, 704 [2009]).

Nonetheless, even in the context of a motion pursuant to CPLR 3211, dismissal of the complaint in action No. 1 is appropriate, since it is clear from the allegations of the complaint and Barretti's papers opposing CML's motion that Barretti's alleged mortgage interest is barred by the statute of frauds (*see* General Obligations Law § 5-703). Barretti's alleged mortgage interest, which was premised entirely on a purported oral agreement, failed to comport with the requirement in the statute of frauds that the conveyance be in writing and be subscribed by the person granting the interest (*see* General Obligations Law § 5-703 [1]; *Sleeth v Sampson*, 237 NY 69, 72 [1923]; *Hallaway Props. v Bank of N.Y.*, 155 AD2d 897 [1989]).

An agreement which violates the statute of frauds may nonetheless be enforceable "where there has been part performance 'unequivocally referable' to the contract by the party seeking to enforce the agreement" (*Luft v Luft*, 52 AD3d 479, 481 [2008], quoting *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *see* General Obligations Law § 5-703 [4]; *Pinkava v Yurkiw*, 64 AD3d 690, 692 [2009]). " 'Unequivocally referable' conduct is conduct which is 'inconsistent with any other explanation' " (*745 Nostrand Retail Ltd. v 745 Jeffco Corp.*, 50 AD3d 768, 769 [2008], quoting *Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462, 463 [2003]). Here, in his complaint in action No. 1, and in opposition to CML's motion, Barretti failed to allege acts of partial performance that were unequivocally referable to the alleged mortgage agreement sufficient to obviate the need for a writing. Barretti's alleged advancement of a loan to Detore in the amount of $1,100,000 is

insufficient to constitute partial performance (*see Sleeth v Sampson*, 237 NY at 73), as are the allegations that Detore partially performed by making three payments to Barretti in July and August 2009. Those three payments, remitted over a period of two months several years after the alleged loan, for vastly different amounts, and which contained no references to the alleged loan, did not "constitute the requisite unequivocal acts relating to the purported oral agreement" for a loan obligating Detore to make monthly payments (*Nicolaides v Nicolaides*, 173 AD2d 448, 451 [1991]; *see Singh v Kur*, 64 AD3d 697, 698 [2009]; *Philip F. Alba, P.C. v Lindenman*, 289 AD2d 550 [2001]).

Accordingly, the Supreme Court should have granted that branch of CML's motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint in action No. 1 insofar as asserted against it. In light of this determination, the Supreme Court should have denied, as academic, that branch of CML's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint in action No. 1 insofar as asserted against it.

The Supreme Court properly granted that branch of the motion of the Detore defendants which was for summary judgment dismissing the complaint insofar as asserted against Detore in action No. 1. The Detore defendants established Detore's prima facie entitlement to judgment as a matter of law by demonstrating that Detore never signed a document granting Barretti a mortgage encumbering the subject properties (*see* General Obligations Law § 5-703 [1]), and that the subject properties were actually transferred in exchange for certain other real property, pursuant to a like-kind exchange pursuant to Internal Revenue Code (26 USC) § 1031. In opposition, Barretti failed to raise a triable issue of fact as to whether there was an enforceable contract under the doctrine of part performance (*see Singh v Kur*, 64 AD3d at 698; *Philip F. Alba, P.C. v Lindenman*, 289 AD2d 550 [2001]; *Nicolaides v Nicolaides*, 173 AD2d at 450-451).

In action No. 2, brought by CML against, among others, Barretti and the Detore defendants, CML sought to foreclose upon its recorded mortgage on the subject properties. Contrary to Barretti's contentions, the Supreme Court properly granted that branch of CML's motion which was to dismiss his counterclaims asserted in action No. 2 pursuant to CPLR 3211 (a) (4), since the relief sought in those counterclaims was substantially the same as the relief sought by Barretti against CML in action No. 1 (*see* CPLR 3211 [a] [4]; *Coppa v Fabozzi*, 5 AD3d 718 [2004]; *Benenson v SKEK Assoc.*, 293 AD2d 694 [2002]). Moreover, as the affirmative defenses raised by Barretti against CML

in action No. 2 were dependent upon the enforceability of his alleged mortgage interest, and as discussed above, that alleged mortgage violates the statute of frauds, the Supreme Court properly granted that branch of CML's motion which was to dismiss those affirmative defenses, in effect, pursuant to CPLR 3211 (b) (*see generally Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880, 882 [2011]; *Coppa v Fabozzi*, 5 AD3d at 718). Thus, we need not reach those branches of CML's motion which were to dismiss those affirmative defenses pursuant to CPLR 3211 (a) (1) and (7). Florio, J.P., Balkin, Belen and Chambers, JJ., concur.