■ SHEREEANN ALAYOFF, Respondent, v ABRAHAM ALAYOFF, Appellant. [976 NYS2d 530]—

In an action, inter alia, in effect, for specific performance of an oral agreement, the defendant appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 6, 2011, as granted the plaintiff's motion to preliminarily enjoin him, among other things, from enforcing a warrant of eviction against her with respect to certain real property and interfering with her use of the real property and a certain vehicle, and (2) from so much of an order of the same court entered September 21, 2011, as granted that branch of the plaintiff's motion which was to hold the defendant in contempt of the order entered July 6, 2011, to the extent of directing him, inter alia, to provide the plaintiff with the keys, registration, and insurance card to the subject vehicle and allow her free access to the vehicle.

Ordered that the order entered July 6, 2011, is reversed insofar as appealed from, on the law, the plaintiff's motion for a preliminary injunction is denied, and so much of the order entered September 21, 2011, as directed the defendant to comply with the provisions of the order entered July 6, 2011, is vacated; and it is further,

Ordered that the appeal from the order entered September 21, 2011, is dismissed as academic in light of our determination on the appeal from the order entered July 6, 2011; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action against the defendant, her father, alleging that the parties orally agreed that if the plaintiff worked for the defendant, he would transfer to her his interest in a cooperative apartment (hereinafter the apartment) and a certain vehicle, in lieu of compensation. The plaintiff also alleged that the defendant promised to buy her an apartment if

she moved out of the family home, and that she moved out of the family home and into the apartment, in reliance on such agreement. Finally, the plaintiff alleged that the defendant gave the apartment and the subject vehicle to her as gifts.

The plaintiff thereafter moved for a preliminary injunction to restrain the defendant from evicting her from the apartment, from otherwise interfering with her possession of the apartment, and from selling, transferring, or encumbering his interest in the apartment. The plaintiff further sought to preliminarily enjoin the defendant from selling or transferring the vehicle and from interfering with her use and possession of the vehicle. In an order entered July 6, 2011, the Supreme Court granted the plaintiff's motion, upon condition that the plaintiff file an undertaking in the sum of $3,000.

The following month, the plaintiff moved to hold the defendant in contempt of the order entered July 6, 2011, based upon his failure to allow her use of the vehicle and his refusal to give her the keys, registration, and insurance card for the vehicle. The Supreme Court granted that motion to the extent of directing the defendant to provide the plaintiff with the keys, registration, and insurance card for the vehicle, to allow her free access to the vehicle, and to maintain insurance for the vehicle.

"Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (*Trump on the Ocean, LLC v Ash*, 81 AD3d 713, 715 [2011]). "To obtain a preliminary injunction, a movant must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 791-792 [2012]; *see Board of Mgrs. of the Britton Condominium v C.H.P.Y. Realty Assoc.*, 101 AD3d 917, 919 [2012]; *L & M 353 Franklyn Ave., LLC v S. Land Dev., LLC*, 98 AD3d 721 [2012]).

The plaintiff failed to demonstrate a likelihood of success on the merits with respect to her claim to the apartment. The statute of frauds provides that a contract for the sale of, or creating an interest in, real property, is void unless memorialized in a writing subscribed by the party to be charged (*see* General Obligations Law § 5-703 [2]; *Sparks Assoc., LLC v North Hills Holding Co. II, LLC*, 94 AD3d 864 [2012]). The statute further preserves the power of the courts "to compel the specific performance of agreements in cases of part performance" (General Obligations Law § 5-703 [4]).

Since the statute of frauds "is applicable to a contract

purporting to create or convey an interest in a cooperative apartment" (*Moloney v Weingarten*, 118 AD2d 836, 837 [1986]; *see Panetta v Kelly*, 17 AD3d 163, 165 [2005]), it would bar enforcement of the defendant's alleged oral agreement to transfer the interest in the apartment to the plaintiff as compensation for employment, unless, to the extent the plaintiff is seeking specific performance, the plaintiff could demonstrate part performance. "The doctrine of part performance may be invoked only if plaintiff's actions can be characterized as 'unequivocally referable' to the agreement alleged" (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *see Pinkava v Yurkiw*, 64 AD3d 690, 692 [2009]). It is insufficient "that the oral agreement gives significance to plaintiff's actions" (*Anostario v Vicinanzo*, 59 NY2d at 664). "Rather, the actions alone must be 'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement" (*id.*, quoting *Burns v McCormick*, 233 NY 230, 232 [1922]).

Here, the plaintiff has failed to demonstrate a likelihood of success in establishing part performance unequivocally referable to the alleged oral agreement, so as to avoid the statute of frauds. While an alleged agreement to transfer the interest in the apartment to the plaintiff might explain her alleged act of working for the defendant, this act, under the circumstances, is not likely "unintelligible" or "extraordinary" without reference to the alleged oral agreement and might be "reasonably explained by the possibility of other expectations" (*Anostario v Vicinanzo*, 59 NY2d at 664; *see Lebowitz v Mingus*, 100 AD2d 816 [1984]; *cf. Pinkava v Yurkiw*, 64 AD3d at 692-693; *Panetta v Kelly*, 17 AD3d at 163). Moreover, the defendant's act of allowing the plaintiff to live in the apartment rent- and maintenance-free, and his seeming willingness to transfer the interest in the apartment if she was able to obtain employment and pay the maintenance, is not likely unequivocally referable to the alleged oral agreement, but, rather, might reasonably be explained by other factors, such as the parties' familial relationship.

The plaintiff has similarly failed to demonstrate a likelihood of success on her claim that the defendant gave the interest in the apartment to her as a gift. Although the defendant allowed the plaintiff to live in the apartment, on the facts presented (*see Gagnon Bus Co., Inc. v Vallo Transp., Ltd.*, 13 AD3d 334, 335 [2004]), it is not likely that the plaintiff will be able to establish the existence of a donative intent and delivery (*see generally Rametta v Kazlo*, 68 AD2d 579, 581 [1979]).

As to the plaintiff's claim to the vehicle, she has failed to demonstrate irreparable injury. " 'Irreparable injury, for

purposes of equity, has been held to mean any injury for which money damages are insufficient' " (*L & M 353 Franklyn Ave., LLC v S. Land Dev., LLC*, 98 AD3d at 722, quoting *Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 636-637 [2009]). Since the vehicle is not "a unique piece of property in which [the plaintiff] has an unquantifiable interest," she failed to show that she could not be fully compensated by a monetary award (*Lombard v Station Sq. Inn Apts. Corp.*, 94 AD3d 717, 721 [2012]; *see L & M 353 Franklyn Ave., LLC v S. Land Dev., LLC*, 98 AD3d 721 [2012]).

The plaintiff's remaining contention that she was entitled to a constructive trust, raised for the first time on appeal, is not properly before this Court (*see DeLuca v Pecoraro*, 109 AD3d 636 [2013]).

Accordingly, the Supreme Court erred in awarding the plaintiff preliminary injunctive relief. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31087(U).]**