| |
|---|
| **Gomez v Bogoni** |
| 2025 NY Slip Op 30359(U) |
| January 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158159/2022 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. SUZANNE J. ADAMS**           PART          **42M**

*Justice*

-----------------------------------------------------------------X

VICDANIA GOMEZ,

|  |  |  |
|---|---|---|
| | INDEX NO. | 158159/2022 |
| | MOTION DATE | N/A |
| | MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

PAUL BOGONI, B-U REALTY CORP., BOGO CO. LLC,ROXBOROUGH APARTMENTS CORP.

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 56 were read on this motion to/for               DISMISS               .

Upon the foregoing documents, it is ordered that defendants' motion is denied. Plaintiff, a New York real estate broker, consultant, and adviser, commenced this action in September 2023 against defendants Paul Bogoni, her former employer, and his real estate entities. Plaintiff alleges she entered into two oral agreements with Bogoni. Under the first agreement, Bogoni agreed to pay off plaintiff's then-existing and future student loans if plaintiff enrolled in a New York University master's degree program in real estate, and pursuant to the second agreement, Bogoni agreed that he and/or his entities would transfer certain real property to plaintiff in return for plaintiff's release and forgiveness of Bogoni's debt to plaintiff for years of unpaid wages. Plaintiff alleges Bogoni and/or his entities breached both agreement, and asserts causes of action seeking to quiet title to the real property she was promised; the imposition of an equitable lien; and specific performance of the agreements. Plaintiff also seeks damages, and asserts cause of action for breach of contract; promissory estoppel; and unjust enrichment/constructive trust. Between approximately 2005 to 2010, plaintiff and Bogoni had a personal relationship which resulted the birth of a child

**158159/2022   GOMEZ, VICDANIA vs. BOGONI, PAUL ET AL**
**Motion No. 001**

Page 1 of 6

1 of 6

[* 1]

in 2008. Bogoni died in June 2023, and by order and decision dated May 13, 2024 (NYSCEF Doc No. 53), this court appointed Robert Joyce, CPA, as temporary administrator of Bogoni's estate for the limited purposes of defending this action. Defendants now move pursuant to CPLR 3211 (a)(5) and (7) and CPLR 3212 for summary judgment, and pursuant to CPLR 6514(b) and (c) and 6515, canceling the Notice of Pendency filed by plaintiff against certain real property owned by defendant B-U Realty Corp. ("B-U"). Plaintiff opposes the motion.

In support of the motion for summary judgment, defendants argue that the oral property transfer agreement violates New York's Statute of Frauds, specifically, GOL § 5-703. However, GOL § 5-703(4) states that "[n]othing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance." Under GOL § 5-703(4), "[t]he statute of frauds empowers courts of equity to compel specific performance of agreements in cases of part performance," so long as the claimed partial performance "'[is] unequivocally referable to the agreement'" (*Panetta v Kelly*, 17 AD3d 163, 165 [1st Dept 2005] [citation omitted]; *see also Luft v Luft*, 52 AD3d 479, 480, 481 [2d Dept 2008] [same]).

Plaintiff raises issues of fact as to whether the oral property transfer agreement is enforceable based on her part performance, requiring denial of the motion. Plaintiff alleges that she fully performed under said agreement, in that she released and forgave the debt owed her by Bogoni for years of unpaid wages, in return for Bogoni's promise to convey the properties to her (*see* Gomez aff [NYSCEF Doc No. 34], ¶ 9). Moreover, there are triable issues of fact as to whether plaintiff's conduct is "unequivocally referable" to the agreement, as plaintiff alleges that she would not have released her claim for years of unpaid wages, except in return for compensation from Bogoni (*see* Gomez aff, ¶ 9; *see also Luft*, 52 AD3d at 481 ["there is evidence from which a trier of fact might conclude that the plaintiff's conduct was extraordinary and explainable only by

**158159/2022  GOMEZ, VICDANIA vs. BOGONI, PAUL ET AL**
Motion No. 001

Page 2 of 6

reference to the oral contract"]). Discovery must be taken to ascertain the facts and circumstances surrounding the property transfer agreement, and plaintiff's performance thereunder.

Defendants next argue that plaintiff's claims under the property transfer agreement are foreclosed by a January 27, 2016 Stipulation of Settlement (*see* NYSCEF Doc No. 28), that plaintiff and Bogoni executed in a prior action (the 2010 action). In addition to settling the 2010 action, that Stipulation of Settlement settled claims, *inter alia*, asserted by plaintiff against Bogoni and defendants B-U and Roxborough Apartments Corp. in 2014 (the 2014 action) (*see id.* at 1). Defendants assert that settlement of the 2014 action bars plaintiff's claims here. However, the doctrine of *res judicata* is inapplicable here, as it only bars a claim if, in a prior litigation between the parties or those in privity with them, the subject matter and the causes of action are "identical or substantially identical" (*O'Connell v Corcoran*, 1 NY3d 179, 184-185 [2003]; *see also North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.*, 27 AD3d 439, 440 [2d Dept 2006] [stipulation of settlement and discontinuance with prejudice resolving breach of contract and reimbursement claims did not preclude subsequent claim for tortious interference]). The claims that plaintiff asserted in the 2014 action were entirely different – in their nature, timing, and accrual – than plaintiff's claims in this action. Plaintiff's claims in the 2014 Action were for brokerage fees owed by Bogoni for certain leases that plaintiff brokered between 2008 and 2010 (*see* 2014 action complaint [NYSCEF Doc No. 26]). In contrast, in this action, plaintiff asserts that defendants breached the property transfer agreement, which agreement was meant to resolve plaintiff's claims for unpaid salary – not brokerage fees – accrued through 2020.

Defendants further assert that the property transfer agreement fails for lack of consideration, because plaintiff's work for Bogoni constituted "past consideration" that cannot support a binding agreement. However, plaintiff raises issues of fact as to whether she supplied

158159/2022  GOMEZ, VICDANIA vs. BOGONI, PAUL ET AL
Motion No. 001

Page 3 of 6

3 of 6

[* 3]

sufficient consideration through her allegation that, rather than her past work, her release and forgiveness of the debt owed by Bogoni for unpaid wages was the consideration for the agreement (*see Matter of International Ribbon Mills (Arjan Ribbons)*, 36 NY2d 121, 124 [1975] ["fair consideration includes satisfaction of an antecedent debt"]).

Defendants also argue that the student loan agreement is foreclosed by GOL § 5-701(a)(1), which bars the enforceability of an oral agreement that cannot be performed within one year. However, under New York law, an agreement which, at its inception, might be performed within a year, is not subject to GOL § 5-701(a)(1), even if the agreement is not performed within a year:

> "We have long interpreted [GOL § 5-701 (a) (1)] to encompass only those contracts which, by their terms, have absolutely no possibility in fact and law of full performance within one year. As long as the agreement may be fairly and reasonably interpreted such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame"

(*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998] [internal citations and quotation marks omitted]). Defendants assert that the student loan agreement could not be completed within a year, because plaintiff could not obtain a master's degree from NYU within one year. However, plaintiff does not allege that the student loan agreement required her to complete a master's degree to trigger Bogoni's obligation to pay her student loans, but rather that Bogoni agreed to pay her loans if she enrolled in the NYU master's degree program and obtained a scholarship. Plaintiff argues that because that performance could have been completed within one year, the student loan agreement is not barred by GOL § 5-701(a)(1). These allegations raise issues of fact as to whether, under the student loan agreement, plaintiff merely had to commence, not complete, her master's degree coursework, and obtain a scholarship, to trigger Bogoni's obligations, thus rendering the agreement enforceable.

**158159/2022   GOMEZ, VICDANIA vs. BOGONI, PAUL ET AL**
**Motion No. 001**

**Page 4 of 6**

[* 4]

4 of 6

Plaintiff also has stated a valid claim for promissory estoppel, as she has alleged a clear and unambiguous promise by Bogoni to repay her student loans (*see New York City Health & Hosps. Corp. v St. Barnabas Hosp.*, 10 AD3d 489, 491 [1st Dept 2004]). Although defendants also argue that a constructive trust cannot be imposed here because plaintiff cannot demonstrate a fiduciary relationship (*see Bankers Sec. Life Ins. Soc. v Shakerdge*, 49 NY2d 939, 940 [1980]), the allegations of the close romantic relationship between plaintiff and Bogoni, which resulted in the birth of a child, and the disparity in power and influence between Bogoni, a millionaire businessman, and plaintiff, his female office employee, are sufficient to create a fiduciary relationship (*see Sharp v Kosmalski*, 40 NY2d 119, 120-22 [1976]). Plaintiff has also sufficiently stated a claim for unjust enrichment, given her allegations that she released and forgave her claims for years of unpaid wages; enrolled in the master's program and incurred substantial student debt; and continued to work for Bogoni at below market rates, thereby enriching Bogoni, in reliance on his promises (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]).

Finally, this court denies defendants' request to cancel the Notice of Pendency. CPLR 6514(b) provides that a "court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, if the plaintiff has not commenced or prosecuted the action in good faith." In ascertaining whether an action was commenced in good faith, a court "essentially is limited to reviewing the pleading to ascertain whether the action falls within the scope of CPLR 6501" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984]). The plaintiff's likelihood of success on the merits is irrelevant (*id.*). CPLR 6501 provides that:

> "A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to ... or the possession, use or enjoyment of, real property, except in a summary proceeding brought to recover the possession of real property."

**158159/2022 GOMEZ, VICDANIA vs. BOGONI, PAUL ET AL**
**Motion No. 001**

Page 5 of 6

5 of 6

Plaintiff states plausible claims to recover real property that was promised to her, within the scope of CPLR 6501, and, as such, this court finds that the Notice of Pendency was commenced in good faith.

Accordingly, it is hereby

ORDERED that defendants' motion is denied.

This constitutes the decision and order of the court.

| 1/28/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SUZANNE J. ADAMS, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158159/2022   GOMEZ, VICDANIA vs. BOGONI, PAUL ET AL**
Motion No.  001

Page 6 of 6

6 of 6