## Kapelyus v Chai Care LLC

### 2026 NY Slip Op 30708(U)

### March 2, 2026

### Supreme Court, Kings County

### Docket Number: Index No. 543383/2025

### Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Term Part 12 of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York on the 2nd day of March 2026.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court

-----------------------------------------------------------------------x
ARON KAPELYUS,

                         Plaintiff,

                    -against-

CHAI CARELLC, ISRAEL ROSMAN, DAVID
WEINBERGER, and ZALMEN HOROWITZ,

                      Defendants.

-----------------------------------------------------------------------x

Index No. 543383/2025
Cal. No. 18 MS 1

DECISION AND ORDER

| The following e-filed papers read herein | NYSCEF Doc Nos. |
|---|---|
| MS 1 | 1-29 |

Upon the foregoing cited papers, Plaintiff interposed a motion seeking various relief including:

1) pursuant to CPLR 6401(a), appointing a temporary receiver over Chai Care, LLC, ("Chai Care") and its assets to manage and conduct the affairs of Chai Care, LLC;

2) removing defendants Weinberger and Horowitz as managers of Chai Care, LLC, and removing defendant Rosman as Chief Executive Officer of Chai Care, LLC;

3) pursuant to CPLR 6313(a), restraining and enjoining defendants and their agents, servants, attorneys, successors and assigns, and all persons acting in concert with them, whether directly or indirectly, pending the hearing of this motion from conveying.

1

transferring, selling, encumbering, hypothecating, refinancing, offering for sale or otherwise disposing of any of the assets of Chai Care, LLC;

4) pursuant to Section 1102 of the Limited Liability Company Law (LLCL), ordering defendants to produce to plaintiff all books and records of Chai Care from January 1. 2022 to date; and

5) awarding plaintiff costs and reasonable attorneys' fees in connection with this motion. Defendants opposed the motion.

Plaintiff is a 30% member of Chai Care, LLC ("Chai Care"), which operates various medical care facilities. Defendants David Weinberger and Zalman Horowitz each own 35% of the membership and serve as managing members of the LLC. Defendant Israel Rosman serves as the Chief Executive Officer (collectively with Chai Care referred to as "Defendants"). In support of his request for relief, Plaintiff alleges a judgment was obtained by Kai Funding LLC, of which he is also a member, against Chai Care, Weinberger and Horowitz, in excess of nine million dollars in September 2025, which has not been paid, that Chai Care is a defendant in many other lawsuits, is nearing bankruptcy, has not paid taxes since 2023, has diverted assets and closed facilities, and has failed to share its books and records with the Plaintiff.

Plaintiff's complaint contains a First Cause of Action for breach of fiduciary duty against Rosman, Weinberger and Horowitz, a Second Cause of Action seeking removal of Rosman as CEO, and Weinberger and Horowitz as Managers, a Third Cause of Action for Appointment of a Temporary Receiver, a Fourth Cause of Action for production of books and records, and a Fifth Cause of Action for injunctive relief. This motion was filed six days after the complaint. Consequently, Defendants have not yet filed their answer.

In their papers in opposition to the motion, Defendants argue that Plaintiff lacks standing to seek the appointment of a receiver because his only property interest is his membership in the LLC, which is personal, and cannot demonstrate a showing of irreparable danger of loss of the assets of the LLC, nor can he establish diversion of any assets, or breach of fiduciary duty, which he claims, in any event, amount to

2

monetary damages only. Defendants further contend, pursuant to CPLR 6401(a), the court is without authority to appoint a receiver, except by motion of a person with apparent interest or to remove officers due to the Operating Agreement not containing a provision for the removal of Managers.

CPLR 6401(a) provides for the appointment of a temporary receiver upon motion of a person having "an apparent interest in property which is the subject of the action.... where there is a danger that the property will be removed from the state, or lost, materially injured or destroyed." However, courts are reminded to exercise caution in doing so because "the appointment of a temporary receiver is an extreme remedy resulting in the taking and withholding of possession of property from a party without an adjudication on the merits which should be granted only where the movant has made a clear evidentiary showing of the necessity for the conservation of the property at issue and the need to protect the moving party's interest" (*see Meagher v Doscher*, 157 AD 3d 880 [2d Dept 2018])(citations omitted). A clear showing of necessity is required, not unsupported allegations and accusations (*Vardaris Tech, Inc, v Paleros*, 49 AD3d 631 [2d Dept 2008]).

Here, although Chai Care has numerous judgments outstanding, and several pending lawsuits, Plaintiff has failed to establish by clear and convincing evidence that Chai Care's assets are wrongfully being transferred or dissipated, or that any of Chai Care's property is at apparent risk. Accordingly, the motion seeking appointment of a temporary receiver is denied.

Plaintiff also seeks a preliminary injunction. "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (*Alayoff v Alayoff*, 112 AD3d 564, 565 [2d Dept 2013] [citation omitted]). "To obtain a preliminary injunction, a movant must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*id.*). "The movant must show that the irreparable harm is imminent, not remote or speculative" (*Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2d Dept 2010] [citations and internal quotation marks omitted]).

3

[* 3]

"Moreover, [e]conomic loss, which is compensable by money damages, does not constitute irreparable harm" (*id.*). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*id.*).

"With respect to likelihood of success on the merits, the threshold inquiry is whether the proponent has tendered sufficient evidence demonstrating ultimate success in the underlying action" (*1234 Broadway LLC v W. Side SRO Law Project*, 86 AD3d 18, 23 [1st Dept 2011]). "While the proponent of a preliminary injunction need not tender conclusive proof beyond any factual dispute establishing ultimate success in the underlying action, [a] party seeking the drastic remedy of a preliminary injunction must [nevertheless] establish a clear right to that relief under the law and the undisputed facts upon the moving papers" (*id.* [citations and internal quotation marks omitted]). "Even when the facts are in dispute, a court may find a likelihood of success on the merits; conclusive proof is not required" (*Ruiz v Meloney*, 26 AD3d 485, 486 [2d Dept 2006] [citations omitted]).

Here, plaintiff's apparent primary concern is that the nine million dollar personal judgment he obtained against Chai Care as owner of Kai Funding, LLC, will not be paid, in light of the other debts and pending lawsuits of Chai Care. Such economic losses compensable with money do not constitute irreparable injury. Plaintiff also has not sufficiently established other grounds that would constitute irreparable injury. Speculation that the company is hiding or transferring assets or will eventually become bankrupt will not suffice. Additionally, plaintiff has failed to establish a likelihood of success on the merits or a balancing of equities in its favor. Therefore, the motion for a preliminary injunction is denied.

Plaintiff seeks an order from the court, pursuant to Limited Liability Company Law 1102, compelling the production of the books and records on the ground that he is a member of the LLC.

4

[* 4]

Defendants assert that plaintiff is not entitled to such since he seeks same for purposes of collecting his personal debt owed by the LLC.

Generally, where an operating agreement does not address certain topics, an LLC is bound by the default requirements in the Limited Liability Company Law (*In re 1545 Ocean Ave, LLC,* 72 AD3d 121 [2d Dept 2010]). However, here sections 6.3.1 and 6.3.3 of the Operating Agreement provide Members the right to inspect the books and records required to be kept by the Company upon reasonable request, provided the Member does not divulge to any other person any confidential or proprietary data, information, or property of the Company discovered in any inspection. Accordingly, plaintiff's motion to inspect the books and records is granted to the extent he shall be permitted to inspect consistent with terms, as will be provided by the Court, during discovery.

Lastly, the Court declines to remove the officers or to award attorneys' fees. Here, the Operating Agreement does not contain a provision permitting the removal of managers and Plaintiff has not set forth adequate grounds which would compel such action under the LLCL. Plaintiff also is not entitled to an award of attorneys' fees.

Accordingly, the motion is granted only to the extent Plaintiff shall be permitted to inspect the books and records upon terms set forth by the Court in a subsequent order during discovery. This constitutes the decision and order of the Court. Any other arguments not addressed herein were considered and deemed unnecessary to address.

ENTER:

_____

Hon. Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

5

[* 5]