■ RONALD WINSTON et al., Appellants-Respondents, v VILLAGE OF SCARSDALE, Respondent-Appellant, and GLICKENHAUS-JUDELSON REAL ESTATE PARTNERSHIP, Respondent, et al., Defendant.—In an action to permanently enjoin the defendant Village of Scarsdale from selling certain real property located in the Village to the defendant Glickenhaus-Judelson Real Estate Partnership and for a judgment declaring that the ownership of that real property reverts to the estate of Harry Winston, (1) the plaintiffs Ronald and Bruce Winston appeal from so much of an order of the Supreme Court, Westchester County (Miller, J.), entered September 9, 1988, as denied their motion for summary judgment, and the defendant Village of Scarsdale cross-appeals from so much of the same order as denied its cross motion for summary judgment, (2) the plaintiffs appeal from an order of the same court, entered April 6, 1989, which, after a nonjury trial, is in favor of the defendants Village of Scarsdale and Glickenhaus-Judelson Real Estate Partnership and against them, (3) the plaintiffs appeal from a judgment of the same court, entered August 3, 1989, upon the order entered April 6, 1989, and (4) the defendant Village of Scarsdale appeals from so much of an order of the same court, entered August 8, 1989, as denied its cross motion for the imposition of sanctions and the plaintiffs cross-appeal from so much of that order as denied their motion for the imposition of sanctions.

Ordered that the appeal and the cross appeal from the order entered September 9, 1988, and the appeal from the order entered April 6, 1989, are dismissed; and it is further,

Ordered that the judgment entered August 3, 1989, and the order entered August 8, 1989, are affirmed; and it is further,

Ordered that the respondent-appellant and the respondent, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal and cross appeal from the order entered September 9, 1988, and the appeal from the order entered April 6, 1989, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and the cross appeal from the order

entered September 9, 1988, and the appeal from the order entered April 6, 1989, are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

By deeds executed in 1972, 1974 and 1975, Harry Winston, the father of the plaintiffs Ronald and Bruce Winston, conveyed approximately 16 acres of his 32 acre estate to the defendant Village of Scarsdale.

We agree with the Supreme Court's determination that this property was never dedicated for public purposes. It is settled that "[t]he essential elements necessary to establish a dedication are an offer by an owner, either express or implied, to appropriate land or some interest or easement therein to public use and an acceptance of such offer, either express or implied, when acceptance is required, by the public" (Gewirtz v City of Long Beach, 69 Misc 2d 763, 770, affd 45 AD2d 841; 11 McQuillin, Municipal Corporations, § 33.02 [3d ed]; 43 NY Jur 2d, Dedication, § 6). The intent to dedicate may be shown by either acts or declarations so long as that "act or declaration on the part of the owner show[s] a present, fixed, unequivocal purpose to dedicate" (11 McQuillin, Municipal Corporations, § 33.30 [3d ed]; 43 NY Jur 2d, Dedication, § 9). Similarly, the acceptance of the offer by the public, requires "the same unequivocal and convincing proof necessary to prove an intent to dedicate" (11 McQuillin, Municipal Corporations, § 33.54 [3d ed]), and the burden of proof lies on the party asserting that the land has been dedicated (Matter of City of New York [177th St.], 239 NY 118, 127-128; Golowich v Union Free School Dist. No. 8, 25 Misc 2d 867, 870). The testimony and the documentary proof adduced at trial demonstrated, as the Supreme Court correctly held, that Harry Winston never intended to give, and the Village never intended to receive, less than a full 32 acres for park, recreational or educational purposes. Since the Village presently owns only approximately 16 acres by virtue of unrestricted deeds, the plaintiffs' claims are without merit (cf., Porter v International Bridge Co., 200 NY 234).

We have examined the remaining contentions raised by the parties and find them to be without merit. Mangano, P. J., Eiber, Balletta and O'Brien, JJ., concur.