■ SIMON CURANAJ, Appellant, v SECURITY PACIFIC NATIONAL BANK et al., Respondents. [609 NYS2d 358] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Coppola, J.), entered September 25, 1991 in Westchester County, which, *inter alia,* partially granted defendants' cross motion for summary judgment and dismissed plaintiff's cause of action for specific performance.

Plaintiff was the owner of real property located in the Town of Harrison, Westchester County, which was sold at public auction to defendants pursuant to a foreclosure proceeding commenced by them. Plaintiff thereafter commenced an action seeking, *inter alia,* specific performance of an alleged oral contract for the resale of said property by defendants to plaintiff for a sum equal to the balance due on the note at the time of foreclosure. Simultaneously, plaintiff moved for a preliminary injunction restraining defendants from evicting plaintiff from the aforesaid premises and defendants cross-moved for summary judgment dismissing the action on the ground that the alleged contract was void pursuant to General Obligations Law § 5-703 (2). Supreme Court granted defen-

dants' cross motion to the extent that it dismissed plaintiff's cause of action for specific performance and plaintiff appealed.

Plaintiff contends that the Statute of Frauds defense is inapplicable by reason of the doctrine of part performance. As evidence of partial performance of the contract, plaintiff supplied Supreme Court with 14 checks in amounts ranging from $1,500 to $6,000, all payable to cash, each with a notation "16 Seville" (the address of the real property in question), totaling $49,500. Plaintiff alleges that each represents payment on the agreed-upon purchase price, that each payment was made to defendants' agent in cash and that such partial payment is sufficient to warrant specific performance of the contract. We disagree.

A party's partial performance of an alleged oral contract will be deemed sufficient to take such contract out of the Statute of Frauds only if it can be demonstrated that the acts constituting partial performance are " 'unequivocally referable' " to said contract (Burns v McCormick, 233 NY 230, 232). As the Court of Appeals has instructed: "There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance' " (supra, at 232, quoting Woolley v Stewart, 222 NY 347, 351; see, Bordeau v Oakley, 185 AD2d 417, 419). Here, checks drawn by plaintiff and made payable to the order of cash, bearing no proof of receipt by defendants or their agent, are not acts of partial performance unequivocally referable to the alleged oral contract.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.