■ JOHN F. MCDERMOTT, Respondent, v TOWN OF GOSHEN et al., Appellants. [615 NYS2d 525] —Crew III, J. Appeal (trans-

---

ferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Barone, J.), entered March 30, 1992 in Orange County, which, *inter alia,* granted plaintiff's motion for partial summary judgment.

Plaintiff is the owner of certain lands located in the Town of Goshen, Orange County. In July 1985, Myron Urbanski, the Supervisor of defendant Town of Goshen, met with Howard Conklin, plaintiff's predecessor in title, to discuss a water bill owed by the Town to Conklin. At this meeting, Conklin and Urbanski entered into an oral agreement, the precise terms of which are somewhat in dispute. According to Urbanski, Conklin agreed to forgive the water bill debt and, further, to donate 0.9 acre of land (hereinafter the parcel) to defendants for construction of a water storage tank. Conklin testified at his examination before trial, however, that he wanted something in return—namely, that Conklin's undeveloped property adjoining the parcel would be supplied with water by defendants once the property was developed. Conklin further testified that Urbanski assured him that defendants would comply with his request in this regard. Shortly thereafter, the Town began work on the water tower project. A few months later Conklin, at Urbanski's request, authored a "publicity" letter outlining Conklin's offer. The letter provided, in relevant part, that Conklin would "[d]onate approximately .9 acre[s] of land adjoining the Hamiltonian District #1 water storage tanks which will provide the space needed to construct the new water storage tank and an access road to the tanks". It appears that construction of the water tower was completed in mid-1986.

In July 1986, Conklin and plaintiff entered into a contract for the sale of Conklin's property, exclusive of the parcel. According to plaintiff, he entered into this contract in reliance upon defendants' prior oral guarantee to supply water to Conklin's adjacent lands once the property was developed. Shortly thereafter, defendants sent Conklin a proposed deed for the parcel, which Conklin apparently did not sign due to the absence of a provision reflecting the Town's oral guarantee to supply water. Plaintiff and Conklin then entered into a written agreement whereby Conklin agreed to include the parcel in the conveyance to plaintiff, with the understanding that plaintiff would convey the parcel to defendants once defendants agreed to, *inter alia,* honor their oral commitment to supply water to the property. The deed conveying Conklin's property to plaintiff was recorded on November 18, 1986. It

appears that it was not until March 1987 that defendants discovered that the proposed deed conveying the parcel to the Town had not been executed.

Plaintiff thereafter commenced this action to quiet title and to recover damages for defendants' alleged trespass. Defendants answered and counterclaimed for specific performance of the oral agreement to convey the parcel. Plaintiff then moved for partial summary judgment and defendants cross-moved for similar relief on their counterclaim. Supreme Court granted plaintiff's motion and denied defendants' cross motion. This appeal by defendants followed.

Defendants initially contend that the Statute of Frauds does not operate as a bar to their counterclaim for specific performance. The Statute of Frauds provides that an agreement to convey an estate or interest in real property is unenforceable unless it is in writing and subscribed by the party to be charged (see, General Obligations Law § 5-703). To satisfy the Statute of Frauds, "a memorandum, subscribed by the party to be charged, must designate all parties, identify and describe the subject matter and state all of the essential terms of a complete agreement" (Conway v Maher, 185 AD2d 570, 572).

Although defendants assert that the publicity letter from Conklin to Urbanski satisfies the foregoing requirements, we cannot agree. Not only did Conklin testify that this letter never was intended to reflect the parties' complete agreement, the letter did not indicate, as did the later proposed deed, that Conklin was to retain an easement. Additionally, the letter does not, in our view, describe the subject property with " 'such definiteness and exactness as [to] permit it to be identified with reasonable certainty' " (supra, at 572, quoting Barber v Stewart, 275 App Div 429, 430).

Nor are we persuaded that defendants are entitled to specific performance of the oral agreement between Conklin and Urbanski based upon the doctrine of part performance. It is well settled that "[a] party's partial performance of an alleged oral contract will be deemed sufficient to take such contract out of the Statute of Frauds only if it can be demonstrated that the acts constituting partial performance are ' "unequivocally referable" ' to said contract" (Curanaj v Security Pac. Natl. Bank, 202 AD2d 856, 857, quoting Burns v McCormick, 233 NY 230, 234). Here, although defendants' acts of planning and constructing the water storage tank could refer to the agreement they seek to enforce, i.e., Conklin's alleged gift of real property, those acts are equally consistent

with plaintiff's claim that defendants were obligated, in exchange for the conveyance of the parcel, to perform by supplying water to the remaining lands. We also reject defendants' assertion that plaintiff should be equitably estopped from asserting the Statute of Frauds as a defense.

Defendants next contend that their motion for summary judgment should have been granted by virtue of their having acquired an interest in the parcel by way of common-law dedication. " 'The essential elements necessary to establish a dedication are an offer by an owner, either express or implied, to appropriate land or some interest or easement therein to public use and an acceptance of such offer, either express or implied * * * by the public' " (Winston v Village of Scarsdale, 170 AD2d 672, 673, lv denied 78 NY2d 855, quoting Gewirtz v City of Long Beach, 69 Misc 2d 763, 770, affd 45 AD2d 841, lv denied 35 NY2d 644). The intent to dedicate, as well as acceptance of the offer, may be demonstrated either by acts or declarations (see, supra; 43 NY Jur 2d, Dedication, §§ 19, 20), and the burden of proof lies with the party seeking to establish the dedication (see, Winston v Village of Scarsdale, supra).

Based upon our review of the record as a whole, including the relevant affidavits, agreements and excerpts of examination before trial testimony, we are of the view that sufficient proof exists to raise a question of fact as to the existence of a common-law dedication. Defendants' proof, if credited by the trier of fact, could establish the offer they allege was made, i.e., Conklin's gift of the parcel, and their conduct in planning and constructing the water storage tower could establish a valid acceptance. Accordingly, plaintiff should not have been granted partial summary judgment. The parties' remaining contentions, including plaintiff's assertion that Real Property Law § 291 would extinguish any interest defendants acquired by dedication, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment and directed defendants to remove the water storage tower from the subject property; said motion denied; and, as so modified, affirmed.