■ ELLEN GABRIEL et al., Respondents, v GARRY PRIME et al., Appellants. [818 NYS2d 322]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered July 21, 2005 in Washington County, which, inter alia, granted plaintiff Ellen Gabriel's motion to modify a temporary restraining order, and (2) from an order of said court, entered November 15, 2005, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint and granted said plaintiff's cross motion for summary judgment.

On January 7, 2000, plaintiff Ellen Gabriel entered into a contract wherein she would sell to defendants certain portions of approximately 406 acres of real property located in the Town of Putnam, Washington County. Subdivision approval was a condition precedent therein, inasmuch as defendants contracted to purchase only part of the property while Gabriel was to retain two improved lots. The agreement also included a contingency that defendants were required to obtain approval from all required agencies by May 30, 2000, unless the parties agreed to extend the deadline. Thereafter, the parties agreed to an extension in writing, however, when the approvals were not obtained by the new deadline, Gabriel sought to cancel the contract. As a result, defendants commenced an action alleging several claims including money damages, though they eventually withdrew all demands except for specific performance. The fact that defendants' sole remaining claim was for specific performance was set forth in a November 12, 2002 judgment on consent which, among other things, required each party to continue with their obligations under the contract.

Subsequently, although numerous applications were made by defendants to the Town of Putnam Planning Board seeking subdivision approval, it was not granted due to insufficient or incomplete applications, the fault for which is disputed by the parties. In any event, it appears that Gabriel agreed to several extensions of the contract deadline until, declaring time to be of

the essence, she scheduled a March 23, 2005 closing date. Defendants, who had not obtained the needed approvals, did not appear at that closing and, as a result, Gabriel commenced this action seeking to declare the contract null and void. Defendants answered, asserting several counterclaims, seeking, among other things, dismissal of the complaint and a judgment compelling Gabriel to cooperate "in the subdivision approval process before all agencies involved and fixing a reasonable time for the subdivision approval process to be completed." Supreme Court ordered Gabriel's husband to be added as a party plaintiff and granted defendants a temporary restraining order allowing them to continue pursuing subdivision approval from the required agencies. The parties cross-moved for summary judgment. Ultimately, the court terminated that interim relief by order entered July 21, 2005 and, by order entered November 15, 2005, granted Gabriel's cross motion for summary judgment terminating the parties' agreement. Defendants appeal from those orders.

Initially, plaintiffs assert that the instant appeals should be dismissed as moot because the property that is the subject of this controversy was sold to a third party in January 2006. Significantly, "[s]ince the ability to transfer clear title is a natural incident of [property] ownership, it follows that when a complaint involving title to or the right to possess and enjoy real property has been dismissed on the merits and there is no outstanding notice of pendency or stay, the property owner has a right to transfer or otherwise dispose of the property unrestricted by the dismissed claim" (*Da Silva v Musso*, 76 NY2d 436, 440 [1990]; *see Asher v Gigante*, 21 AD3d 916, 917 [2005]; *Matter of Paden v Planning Bd. of Town of Mamakating*, 270 AD2d 626, 626 [2000]; *Matter of Fallati v Town of Colonie*, 222 AD2d 811, 813 [1995]; *Matter of Vetri*, 208 AD2d 755, 755 [1994]). Here, defendants do not dispute that Gabriel conveyed her property and that no lis pendens was filed nor a stay issued following Supreme Court's judgment in Gabriel's favor. Nevertheless, defendants argue that the deed should not be considered because it is outside the record and, alternatively, that the conveyance by Gabriel was otherwise flawed.

Defendants' arguments are not persuasive. Notably, mootness is an issue that can be raised at anytime and, "[i]n fact, it is incumbent upon counsel to inform the court of changed circumstances which render a matter moot" (*Matter of Cerniglia v Ambach*, 145 AD2d 893, 894 [1988], *lv denied* 74 NY2d 603 [1989]; *see e.g. Asher v Gigante, supra* at 917; *Matter of Paden v Planning Bd. of Town of Mamakating, supra* at 626; *Matter of*

*Vetri, supra* at 755). Defendants also contend that Gabriel improperly sold the property to a relative and that the conveyance was a "sham." However, "a purchaser's actual knowledge of litigation and a pending appeal is not legally significant and . . . absent a validly recorded notice of pendency, an owner has the ability to transfer clear title" (*McVicker v Sarma*, 163 AD2d 721, 722 [1990]; *see Da Silva v Musso, supra* at 442). As for defendants' assertion that they have commenced a separate proceeding challenging the January 2006 conveyance, we note that this "[C]ourt's jurisdiction extends only to live controversies" (*Matter of NRG Energy, Inc. v Crotty*, 18 AD3d 916, 918 [2005]), therefore, it is not appropriate to speculate as to collateral matters outside the record. Accordingly, given the circumstances presently before us and the absence of evidence that an exception to the mootness doctrine exists, we find that dismissal of the subject appeals is required.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.