▪ ANITA SIVOS, Respondent, v ALESIA EPPICH et al., Appellants. [911 NYS2d 232]—

Egan Jr., J. Appeal from an order of the Supreme Court (Devine, J.), entered December 2, 2009 in Schoharie County, which, among other things, denied defendants' motion for partial summary judgment dismissing plaintiff's claim for specific performance.

Plaintiff commenced this action seeking, among other things, specific performance of an alleged oral agreement for the transfer of certain real property located in the Town of Jefferson, Schoharie County, consisting of an 88-acre farm.* Plaintiff is the daughter of defendant Irene Sivos and the sister of defendants Alesia Eppich and Toni Cole. Plaintiff and her siblings were raised on the farm. Plaintiff resided at the farm until 1977 and, upon the dissolution of her marriage in 1986, she returned to live and work on the farm. Plaintiff asserts that, upon her return, there was an oral agreement between herself, Sivos, her now-deceased father and her now-deceased brother that, in exchange for her work on the farm, title to the 88-acre parcel would transfer to her and her brother. In January 2009, Sivos transferred various parcels of real property to her three surviving daughters. While Sivos transferred approximately 86 acres of another parcel to plaintiff, the 88-acre farm was transferred to Cole and Eppich. Plaintiff then com-

---

* The farm was actually comprised of two parcels of real property: the 88-acre parcel that is the subject of plaintiff's complaint and a separate 108-acre parcel.

menced this action. After joinder of issue, defendants moved for partial summary judgment seeking dismissal of plaintiff's claim for specific performance and for cancellation of the notice of pendency. Supreme Court denied defendants' motion, finding that, since plaintiff's acts could "support a finding that plaintiff acted in reliance upon such agreement," dismissal of her claim for specific performance was inappropriate. In so finding, Supreme Court determined that it need not examine whether plaintiff is entitled to the imposition of a constructive trust. The court also denied defendants' request for cancellation of the notice of pendency. Defendants now appeal and we affirm.

General Obligations Law § 5-703 (3) provides, in relevant part, that a contract to devise real property will be barred by the statute of frauds "unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his [or her] lawfully authorized agent" (*see Maynor v Pellegrino*, 226 AD2d 883, 884 [1996]). Courts of equity do, however, have the power to "compel the specific performance of agreements in cases of part performance" (General Obligations Law § 5-703 [4]; *see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]). Hence, "[a] party's partial performance of an alleged oral contract will be deemed sufficient to take such contract out of the [s]tatute of [f]rauds only if it can be demonstrated that the acts constituting partial performance are unequivocally referable to said contract" (*McDermott v Town of Goshen*, 207 AD2d 612, 614 [1994] [internal quotation marks and citations omitted]; *see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d at 237). A plaintiff's "actions alone must be unintelligible or at least extraordinary, explainable only with reference to the oral agreement" (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983] [internal quotation marks and citation omitted]).

Here, it is undisputed that there is no written agreement between plaintiff and Sivos regarding the transfer of the farm. This, together with Sivos' affidavit—wherein she denies the existence of an agreement to transfer the property to plaintiff and asserts that plaintiff was merely permitted to live on the property in an existing trailer—establishes defendants' prima facie entitlement to partial summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition to defendants' motion, however, plaintiff raised triable issues of fact as to whether she had partially performed in a manner that could only be explained by the terms of an alleged oral agreement that the farm would be transferred to her (*see Pinkava v Yurkiw*,

64 AD3d 690, 692 [2009]). Plaintiff asserts that there was, indeed, an oral agreement, and that, in reliance thereon, she built a home on the farm where she and her family resided and, throughout the years, expended significant amounts of labor and money to maintain the farm, its machinery and equipment. Plaintiff asserts that, notwithstanding their knowledge of this oral agreement, Eppich and Cole unduly influenced Sivos to transfer the farm to them and, as a result, Eppich and Cole were unjustly enriched.

Viewing the record in a light most favorable to plaintiff and giving her the benefit of every reasonable inference (*see Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 822 [2010]), we find that while her efforts in farming her parents' land and maintaining the property are not unequivocally referable to an oral contract— since such conduct is as equally consistent with the actions of a tenant farmer as it is with a promise to convey the land (*see Wilson v La Van*, 22 NY2d 131, 134-135 [1968])—the same cannot be said of the construction of a home on the property (*see Roberts v Fulmer*, 301 NY 277, 284 [1950]). We find this disputed allegation to be sufficient evidence from which a trier of fact might conclude that plaintiff's conduct is explainable only by a reference to the oral contract (*see Pinkava v Yurkiw*, 64 AD3d at 693; *cf. Wilson v La Van*, 22 NY2d at 134-135).

Furthermore, in light of the parties' disputed accounting of the facts and given the absence of discovery, a determination that plaintiff is not entitled to the imposition of a constructive trust is premature (*see Stockwell v Town of New Berlin*, 69 AD3d 1266, 1267-1268 [2010]; *Stubbs v Ellis Hosp.*, 68 AD3d 1617, 1618-1619 [2009]; *see generally McGrath v Hilding*, 41 NY2d 625, 628-629 [1977]). Accordingly, Supreme Court properly denied defendants' motion for an order canceling the notice of pendency (*see Letizia v Flaherty*, 207 AD2d 567, 569 [1994], *appeal dismissed* 84 NY2d 922 [1994]).

Cardona, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.