—McCarthy, J.
Appeal from an order of the Supreme Court (Teresi, J.), entered August 15, 2012 in Albany County, which, among other things, granted defendant’s motion for summary judgment dismissing the complaint.
The parties signed a contract for plaintiff to purchase certain real property owned by defendant. Plaintiff delivered a $25,000 check as the down payment, but the check was not certified — as required by the contract — and plaintiff directed defendant’s broker to hold the check rather than deposit it in an escrow account. Although the parties continued to proceed toward closing, defendant eventually informed plaintiff that the contract was void for lack of consideration.
Plaintiff commenced this action seeking specific performance of the contract. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment in his favor. Supreme Court denied plaintiff’s cross motion and granted defendant’s motion, dismissed the complaint and canceled the notice of pendency. Plaintiff appealed. Defendant later sold the property to a third party.
*911 This appeal is moot. After the notice of pendency was canceled, plaintiff did not seek injunctive relief to protect his interests while the appeal was pending (see Matter of Paden v Planning Bd. of Town of Mamakating, 270 AD2d 626, 626 [2000]). Because defendant has sold the property and cannot now transfer title to plaintiff, specific performance of the contract is no longer possible (see Gabriel v Prime, 30 AD3d 955, 956 [2006]; Asher v Gigante, 21 AD3d 916, 917 [2005]; see also Da Silva v Musso, 76 NY2d 436, 440-441 [1990]). As the exception to the mootness doctrine is inapplicable, and plaintiff’s request for permission to amend the complaint to seek monetary damages — raised for the first time in his reply brief — is untimely, we dismiss the appeal as moot.
Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, with costs.