*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    519635
_____

DAVID BOWERS, Doing Business
    as BLACK GOLD,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

DANIEL HURLEY, Doing Business
    as BRADLEY FARMS, et al.,
                    Appellants,
                    et al.,
                    Defendant.
_____

Calendar Date:   October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                    _____

        Barclay Damon, LLP, Syracuse (Jeremy J. Hourihan of
counsel), for Daniel Hurley, appellant.

        Ziff Law Firm, LLP, Elmira (Adam M. Gee of counsel), for
Narde Paving Company, Inc., appellant.

        Buck, Danaher, Ryan & McGlenn, Elmira (John J. Ryan Jr. of
counsel), for respondent.

                    _____

Rose, J.

        Appeal from an order of the Supreme Court (O'Shea, J.),
entered March 12, 2014 in Chemung County, which denied motions by
defendants Daniel Hurley, Hurley Farms, Inc. and Narde Paving
Company, Inc. for summary judgment dismissing the complaint
against them.

Plaintiff and defendant Daniel Hurley entered into a five-year lease agreement granting plaintiff the exclusive right to take topsoil and gravel from a 14-acre parcel owned by Hurley, and plaintiff obtained a permit to mine the parcel from defendant Department of Environmental Conservation (hereinafter DEC).[1]  In May 2008, plaintiff, Hurley and defendant Narde Paving Company, Inc. (hereinafter Narde) signed a letter of commitment to enter into an agreement by the end of June 2008 to allow Narde to mine the gravel on the parcel and to extend the term of the mining lease between plaintiff and Hurley to 20 years or for the life of the mine.  In July 2008, plaintiff circulated a proposed first amendment to the mining lease agreement (hereinafter the amendment), which, among other things, would have extended the lease term as contemplated by the letter of commitment.  By that time, however, the letter had expired by its own terms and the amendment was never executed.  Despite this, in August 2008, plaintiff, Hurley and Narde executed a mining sublease agreement whereby plaintiff sublet to Narde his rights to mine the gravel on Hurley's land for 20 years or for the life of the mine.  In 2009, to accommodate the mining operation, plaintiff and Hurley jointly submitted an application to DEC for a modified permit to expand the mineable area from 14 acres to 87 acres, and DEC granted that application in 2010.

Performance under the agreements continued until mid-2011, when issues arose over the length of the term of the mining lease.  Contrary to plaintiff's view that the parties had agreed to extend the lease to 20 years, Hurley and Narde took the position that, because the amendment to the lease was never signed, the original five-year term of the lease was never expressly extended.  Plaintiff then commenced this action seeking, among other things, a declaration that, based on the parties' course of conduct, the amendment – although unexecuted – nonetheless extended the term of the mining lease to 20 years. Hurley, Narde and defendant Hurley Farms, Inc. (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them on the ground that

---

[1]  Although plaintiff named DEC as a defendant, he has asserted no claims against it.

the action is barred by the statute of frauds. Supreme Court denied their motions, prompting this appeal.

Defendants' statute of frauds argument is governed by General Obligations Law § 5-703, which, as relevant here, provides that an interest in real property can be created or conveyed only by a signed writing. While plaintiff concedes that a signed copy of the amendment does not exist, he contends that the statute of frauds is inapplicable, as the parties' course of conduct constitutes partial performance of an oral contract to extend the term of the lease (see General Obligations Law § 5-703 [4]; Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). "[P]artial performance of an alleged oral contract will be deemed sufficient to take such contract out of the [s]tatute of [f]rauds only if it can be demonstrated that the acts constituting partial performance are 'unequivocally referable' to said contract" (Curanaj v Security Pac. Natl. Bank, 202 AD2d 856, 857 [1994], quoting Burns v McCormick, 233 NY 230, 232 [1922]; accord Sivos v Eppich, 78 AD3d 1360, 1361 [2010]).

Here, plaintiff raised triable issues of fact as to whether the partial-performance exception to the statute of frauds applies. Evidence of such performance can be found in the parties' mutual decision to execute the 20-year sublease agreement, which explicitly referred to the amendment and acknowledged that plaintiff and Hurley were parties to it. Indeed, if the parties did not have an understanding that the mining lease was to be extended to 20 years, then Narde's willingness to enter into a 20-year sublease with plaintiff – despite the fact that plaintiff had only a five-year lease with Hurley and Hurley's express consent to the creation of these incongruous interests in his property – would appear to be "'unintelligible or at least extraordinary,' explainable only with reference to the oral agreement" (Anostario v Vicinanzo, 59 NY2d 662, 664 [1983], quoting Burns v McCormick, 233 NY at 232). As Supreme Court noted, Hurley also joined plaintiff in applying to DEC to expand the mining operation from 14 to 87 acres. Hurley offers no explanation as to how his consent to such a dramatic expansion of the mineable area of his property was not unequivocally referable to an agreement to extend the life of the

mining lease.

Accordingly, we find that Supreme Court properly denied defendants' motions for summary judgment dismissing the complaint on statute of frauds grounds (see Pinkava v Yurkiw, 64 AD3d 690, 692-693 [2009]; Luft v Luft, 52 AD3d 479, 480-481 [2008]; Panetta v Kelly, 17 AD3d 163, 165 [2005], lv dismissed 5 NY3d 783 [2005]). Defendants' remaining contentions are unavailing.

Peters, P.J., Garry and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court