■ Susan S. Wells, Respondent-Appellant, v Shelby S.
Hodgkins, Appellant-Respondent. [54 NYS3d 740]—

Egan Jr., J. Cross appeal from an order of the Supreme Court
(Muller, J.), entered February 10, 2016 in Essex County, which,
among other things, denied defendant's motion to dismiss the
complaint and for sanctions and costs.

Plaintiff and defendant are sisters and, in 1956, their
parents, Frances Salmon and Hamilton Salmon III, acquired a
camp known as "Beach Cove" located on the shores of Lake
Placid in the Town of North Elba, Essex County. At some point
thereafter, Salmon Enterprises, Inc. (hereinafter SEI), a closely
held New York corporation, was formed to hold title to Beach
Cove and to "facilitate . . . intergenerational transfer[s] to
future generations of Salmon family members." Shares in SEI
were restricted in transfer to bloodline descendants and, at all
times relevant here, eight family members, including plaintiff
and defendant, held shares therein.

In 2014, rising property taxes and maintenance costs
prompted SEI's board of directors to decide—over plaintiff's
objection—to begin renting Beach Cove to the public. Part of
plaintiff's objection to the proposed rental plan stemmed from
concerns regarding the potential for damage to or the loss of
family heirlooms and/or personal property maintained at Beach
Cove. To that end, plaintiff, defendant and their two remaining
sisters gathered at Beach Cove on the weekend of March 26,
2015 to divide up or otherwise secure such heirlooms/personal
property in advance of the rental season. During the course of
divvying up the heirlooms and other personal property, plaintiff
and defendant became involved in a heated discussion—one
that purportedly culminated in defendant asking plaintiff,
"What would it take, so that I never have to see your face again,
and you never come to Camp [Beach Cove] again?" In response,
plaintiff allegedly invited defendant to purchase her 30 shares
in SEI for $900,000; according to plaintiff, defendant accepted
this offer with the condition that plaintiff immediately and
permanently vacate the premises and remove all of her
heirlooms and/or personal property by April 1, 2015.

When the alleged agreement did not come to fruition,
plaintiff commenced this action against defendant alleging
breach of contract. In response, defendant filed a pre-answer

motion to dismiss pursuant to CPLR 3211 (a) (5) contending, among other things, that plaintiff's claim was barred by the statute of frauds (*see* General Obligations Law § 5-703 [2]) and seeking the imposition of sanctions and costs. Plaintiff opposed the motion and cross-moved to, among other things, strike defendant's CPLR 322 notice. Supreme Court denied the parties' respective motions, prompting defendant to appeal and plaintiff to cross-appeal.[1]

Pursuant to the terms of General Obligations Law § 5-703 (2), one of several statutes of fraud recognized in New York, a contract for the sale "of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his [or her] lawful agent" (*see Piller v Marsam Realty 13th Ave., LLC*, 136 AD3d 773, 773-774 [2016]; *Calcagno v Roberts*, 134 AD3d 1292, 1293 [2015]). The overall purpose of such statutes "is to avoid fraud by preventing the enforcement of contracts that were never in fact made" (*Henry L. Fox Co. v Kaufman Org.*, 74 NY2d 136, 140 [1989]).

That said, General Obligations Law § 5-703 (4) has carved out an exception to the statute of frauds to permit "courts of equity to compel the specific performance of agreements in cases of part performance" (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *Sivos v Eppich*, 78 AD3d 1360, 1361 [2010]). "Part performance alone, of course, is not sufficient" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d at 235), and not every action undertaken by a party will be sufficient to defeat a statute of frauds defense. Rather, as the case law makes clear, "a party's partial performance of an alleged oral contract will be deemed sufficient to take such contract out of the statute of frauds only if it can be demonstrated that the acts constituting partial performance are unequivocally referable to said contract" (*Sivos v Eppich*, 78 AD3d at 1361 [internal quotation marks, brackets and cita-

---

1. Although we were advised at oral argument that Beach Cove has now been sold to a third party and that certain of the sale proceeds were distributed to, among others, plaintiff, we reject defendant's assertion that the appeal is moot. As for the cross appeal, plaintiff, as so limited by her brief, cross-appeals "to address one aspect of [Supreme Court's] decision which implicated whether the statute of frauds applies to this case at all." Given that express limitation, we deem any remaining issues raised in the context of plaintiff's cross motion, including her challenge to the CPLR 322 notice, to be abandoned (*see e.g. Salzer v Benderson Dev. Co., LLC*, 130 AD3d 1226, 1227 n 1 [2015]).

tions omitted]; *accord Bowers v Hurley*, 134 AD3d 1191, 1193 [2015]). Unequivocally referable conduct must do more than lend "significance to" or "provide[ ] a possible motivation for [a party's] actions" (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]); such conduct must be "inconsistent with any other explanation" for the actions undertaken (*745 Nostrand Retail Ltd. v 745 Jeffco Corp.*, 50 AD3d 768, 769 [2008] [internal quotation marks and citation omitted]) or "unintelligible or at least extraordinary, explainable only with reference to the oral agreement" (*Anostario v Vicinanzo*, 59 NY2d at 664 [internal quotation marks and citation omitted]). Thus, a party may "lose the benefit of the defense . . . or waive its protection, by inducing or permitting without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter the situation and make the interposition of the statute against performance a fraud" (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d at 235 [internal quotation marks, brackets and citation omitted]).

Even assuming, without deciding, that plaintiff alleged sufficient facts to demonstrate that she and defendant reached a complete oral agreement for the sale of plaintiff's shares in SEI, we agree with defendant that the complaint must be dismissed. Contrary to plaintiff's assertion, SEI was a single-asset corporation—that single asset being its ownership of Beach Cove[2]—and, inasmuch as the alleged oral agreement involved the sale of plaintiff's shares of stock in a corporation whose only asset was an interest in real property, the statute of frauds indeed applied here (*see Yenom Corp. v 155 Wooster St. Inc.*, 33 AD3d 67, 70-71 [2006]; *Bergman v Krausz*, 19 AD3d 186, 186-187 [2005]; *Pritsker v Kazan*, 132 AD2d 507, 507 [1987]). As the alleged oral agreement was not reduced to writing, plaintiff could avoid application of the statute of frauds only if her conduct fell within the part performance exception. In this regard, while the actions upon which plaintiff relies— i.e., opening a bank account in anticipation of a wire transfer

---

2. Notably, plaintiff's assertion that SEI held title to or otherwise owned all of the family heirlooms and/or other personal property physically located at Beach Cove is inconsistent with both the allegations set forth in the complaint, wherein plaintiff refers to "her" heirlooms and personal property, and the manner in which plaintiff, defendant and their remaining two sisters divided up such property in March 2015—with each sister selecting the heirlooms and/or personal property that she wished to claim as her own and taking whatever steps she alone deemed necessary to protect such items, including removing those items from the premises.

of funds from defendant, retrieving her SEI stock certificates to relinquish to defendant, hiring an attorney to coordinate with defendant and/or reduce the alleged oral agreement to writing, timely removing her personal possessions from Beach Cove and promptly vacating the premises in accordance with defendant's alleged wishes—are consistent with plaintiff's assertion that she and defendant had a deal to sell plaintiff's shares in SEI to defendant for $900,000, such actions are not unequivocally referable to—or unintelligible without reference to—the alleged oral agreement, nor so substantial in quality to irremediably alter the situation. For example, plaintiff could have opened a new bank account for any number of reasons entirely unrelated to the alleged oral agreement, and the stated purpose of gathering at Beach Cove on that fateful weekend in March 2015 was to remove or otherwise secure family heirlooms and personal property in anticipation of the impending rental season. Hence, the mere fact that plaintiff—following an acrimonious argument with defendant—left the family camp with her personal possessions in tow does not qualify as extraordinary conduct that is explainable only by reference to the alleged oral agreement. For these reasons, Supreme Court erred in finding that the part performance exception to the statute of frauds was triggered here and, hence, in denying defendant's motion to dismiss pursuant to CPLR 3211 (a) (5).

The parties' remaining contentions, including defendant's assertion that plaintiff should be subject to costs and sanctions, have been examined and found to be lacking in merit. Simply put, the mere fact that plaintiff's conduct was insufficient to warrant application of the part performance doctrine does not mean that her pursuit of this breach of contract action constituted frivolous conduct within the meaning of 22 NYCRR 130-1.1. The authority to impose sanctions or costs is a matter committed to Supreme Court's sound discretion and, upon reviewing the record as a whole, we discern no basis upon which to disturb Supreme Court's exercise of that discretion here.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the complaint; motion granted; and, as so modified, affirmed.