Govel v Trustco Bank (2020 NY Slip Op 02306)





Govel v Trustco Bank


2020 NY Slip Op 02306


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

528821

[*1]George Govel, Appellant,
v
Trustco Bank et al., Respondents, et al., Defendants.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Lemery Greisler, LLC, Albany (Javier J. Mendez of counsel), for appellant.
McNamee Lochner PC, Albany (Peter A. Pastore of counsel), for respondents.



Mulvey, J.
(1) Appeals (a) from an order of the Supreme Court (Auffredou, J.), entered March 22, 2019 in Warren County, which granted a motion by defendant Trustco Bank for, among other things, summary judgment on its counterclaim and (b) from the judgment entered thereon, and (2) motion to dismiss the appeals.
Defendant Trustco Bank loaned money to a real estate developer, with the debt secured by a mortgage on numerous building lots (hereinafter the property). After the developer defaulted on the loan, Trustco initiated a foreclosure action. Because a title search did not reveal any encumbrances on the property other than the developer's mortgage, only the developer and its guarantors were named in the foreclosure action. Supreme Court granted Trustco's motion for summary judgment and issued a judgment of foreclosure and sale. At the foreclosure sale in May 2018, Trustco was deeded the property after submitting the highest bid. Trustco subsequently transferred the property to defendant ORE Property, Inc., Trustco's real estate holding company.
In July 2018, plaintiff, who alleged that he and the developer had entered into a lease for lot 17, commenced this action pursuant to RPAPL article 15, seeking to compel the determination of rights, title and interest in that lot, as well as damages. Trustco joined issue, asserting a counterclaim for strict foreclosure pursuant to RPAPL 1352. Thereafter, Trustco moved for, among other things, summary judgment on its counterclaim. Supreme Court, among other things, granted Trustco's motion for summary judgment on its strict foreclosure counterclaim, canceled plaintiff's notice of pendency and directed plaintiff to redeem the property within 30 days or "be excluded from claiming any title or interest in any portion of [the property] and that any and all title and interest of plaintiff in [the property] be extinguished and terminated." Plaintiff appeals from that order and the judgment entered thereon. In November 2019, after these appeals were perfected, Trustco and ORE (hereinafter collectively referred to as defendants) sold the property to an unrelated third party. Defendants then moved to dismiss the appeals as moot. We now grant that motion.
"[T]he doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]; see Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [2015]). "[T]he jurisdiction of this Court extends only to live controversies and, as such, an appeal will be considered moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Matter of Sullivan Farms II, Inc. v Town of Mamakating Planning Bd., 165 AD3d 1447, 1449 [2018] [internal quotation marks and citations omitted]; see Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 918 [2005]). "Since the ability to transfer clear title is a natural incident of [property] ownership, it follows that when a complaint involving title to or the right to possess and enjoy real property has been dismissed on the merits and there is no outstanding notice of pendency or stay, the property owner has a right to transfer or otherwise dispose of the property unrestricted by the dismissed claim" (Da Silva v Musso, 76 NY2d 436, 440 [1990]; accord Gabriel v Prime, 30 AD3d 955, 956 [2006]). "'[A] purchaser's actual knowledge of litigation and a pending appeal is not legally significant and[,] absent a validly recorded notice of pendency, an owner has the ability to transfer clear title'" (Gabriel v Prime, 30 AD3d at 957 [ellipsis omitted], quoting McVicker v Sarma, 163 AD2d 721, 722 [1990]; see Singh v Ahamad, 154 AD3d 683, 684 [2017]).
Here, Supreme Court canceled plaintiff's notice of pendency and this Court denied his motion for a stay pending appeal. Therefore, defendants had the right to transfer the property when they did, and the purchaser obtained clear title despite its knowledge of the pending appeals. We reject plaintiff's argument that we must decide these appeals because Supreme Court's determination on Trustco's counterclaim may affect the court's handling of plaintiff's causes of action that are still pending. Rather, plaintiff must await the court's determination on those claims and, if unfavorable, may appeal any resulting order or judgment. As the issues need not evade review, we conclude that the exception to the mootness doctrine is inapplicable. Accordingly, we dismiss the appeals.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion is granted and the appeals from the order and judgment are dismissed, as moot, without costs.