Chester Green Estates, LLC v Arlington Chester, LLC (2022 NY Slip Op 07051)

Chester Green Estates, LLC v Arlington Chester, LLC

2022 NY Slip Op 07051

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-02015
 (Index No. 7025/18)

[*1]Chester Green Estates, LLC, appellant, 
v
Arlington Chester, LLC, defendant, Wilbur Fried, etc., et al., respondents.

Cohen, LaBarbera & Landrigan, LLP, Chester, NY (Thomas C. Landrigan and Kyle A. Seiss of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Kevin F. Preston of counsel), for respondent Wilbur Fried and defendant Arlington Chester, LLC.
Goldberg Segalla, LLP, Buffalo, NY (Marc W. Brown of counsel), for respondent Pilgrim Chester Lender, LLC.
Sive Paget & Riesel P.C., New York, NY (Steven Barshov of counsel), for respondent Greens at Chester, LLC.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the conveyance of certain real property to the defendant Greens at Chester, LLC, is null and void, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 15, 2019. The order, insofar as appealed from, (1) granted the motion of the defendant Wilbur Fried pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him, (2) granted the motion of the defendants Greens at Chester, LLC, and Pilgrim Chester Lender, LLC, for summary judgment dismissing the complaint insofar as asserted against them and, in effect, for a declaration in their favor, and (3) denied those branches of the plaintiff's cross motion which were for leave to amend the complaint insofar as asserted against the defendants Wilbur Fried, Greens at Chester, LLC, and Pilgrim Chester Lender, LLC, to disqualify the attorney for the defendant Greens at Chester, LLC, and pursuant to CPLR 3124 to compel the defendants Wilbur Fried, Greens at Chester, LLC, and Pilgrim Chester Lender, LLC, to respond to certain discovery.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
The defendant Arlington Chester, LLC (hereinafter Arlington), was the owner of real property located on State Route 94 in Orange County. The defendant Wilbur Fried is the sole member of Arlington. On April 28, 2013, the plaintiff and Arlington entered into two contracts whereby Arlington agreed to sell the property to the plaintiff in two parcels for a purchase price of $8,620,000 for the first parcel and $4,310,000 for the second parcel. The sale of the first parcel was to close after the approval by the Town of Chester Planning Board of a subdivision map. The [*2]subdivision map was approved, contingent on the posting of performance bonds.
Arlington attempted to schedule a closing, arguing that the plaintiff was responsible for posting the performance bonds. When the plaintiff and Arlington could not agree on who was responsible for posting the performance bonds, the plaintiff stopped payment on two checks toward the down payment on the property, and Arlington terminated the contracts.
In or around September 2014, the plaintiff commenced an action against Arlington and Fried seeking specific performance and a judgment declaring that the contracts are binding and enforceable (hereinafter the prior action). Arlington and Fried moved for summary judgment dismissing the cause of action for specific performance and, in effect, declaring that the contracts are not binding and are unenforceable. In an order dated March 31, 2015, the Supreme Court granted the motion to the extent of directing, in effect, dismissal of the cause of action for specific performance and the entry of a declaration in favor of Arlington and Fried, unless the plaintiff appeared at a closing on the first contract upon 10 days' notice by Arlington and Fried and was ready, willing, and able to close. A closing was scheduled for April 15, 2015, but the closing did not occur. Thereafter, based on the fact that the closing did not occur, Arlington and Fried made an application to dismiss the cause of action for specific performance and, in effect, for a declaration in their favor and directing the cancellation of the notice of pendency. In an order dated May 13, 2015, the court granted the application. Subsequently, the plaintiff moved for leave to appeal from the order dated May 13, 2015, and to stay cancellation of the notice of pendency. In a decision and order on motion of this Court dated June 16, 2015, the plaintiff's motion was denied.
Thereafter, the plaintiff moved, inter alia, to vacate the order dated May 13, 2015. In an order dated December 21, 2015, the Supreme Court, among other things, denied that branch of the motion. The plaintiff moved again in this Court to stay cancellation of the notice of pendency. In a decision and order on motion of this Court dated December 28, 2015, the plaintiff's motion was denied.
On October 27, 2017, while the notice of pendency was cancelled, Arlington conveyed the property to the defendant Greens at Chester, LLC (hereinafter Greens), for $12,170,000. The purchase was financed in part by a $4,000,000 mortgage held by Arlington, and a $6,000,000 mortgage held by the defendant Pilgrim Chester Lender, LLC (hereinafter Pilgrim).
On an appeal in the prior action, in a decision and order of this Court dated May 23, 2018, the order dated March 31, 2015, was reversed, and the order dated May 13, 2015, was vacated on the grounds that Arlington and Fried failed to establish as a matter of law that the plaintiff was not ready, willing, and able to close, and failed to establish as a matter of law that the contracts were validly cancelled (see Chester Greens Estates, LLC v Arlington Chester, LLC, 161 AD3d 1036). Based upon that determination, an appeal from the order dated December 21, 2015, was dismissed as academic (see Chester Greens Estates, LLC v Arlington Chester, LLC, 161 AD3d 1039).
On or about July 9, 2018, the plaintiff commenced the instant action against Arlington, Fried, Greens, and Pilgrim, inter alia, for a judgment declaring the conveyance to Greens and Pilgrim's mortgage lien void, for specific performance of the contracts selling the property to the plaintiff, and for monetary damages.
Fried moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him on the ground that Fried, in his individual capacity, was never a party to the contracts with the plaintiff. Rather, Fried signed the contracts in his capacity as a member of Arlington. Greens and Pilgrim moved for summary judgment dismissing the complaint insofar as asserted against them and, in effect, for a declaration in their favor. They argued that Greens was a bona fide purchaser for value, since Greens purchased the property while the notice of pendency was cancelled, and Pilgrim was a bona fide encumbrancer for value for the same reason. The plaintiff cross-moved, inter alia, for leave to amend the complaint insofar as asserted against Fried, Greens, and Pilgrim, to disqualify the attorney for Greens, and pursuant to CPLR 3124 to compel Fried, Greens, and Pilgrim to respond to certain discovery. In an order dated January 15, 2019, the [*3]Supreme Court, among other things, granted Fried's motion, granted the motion of Greens and Pilgrim, and denied those branches of the plaintiff's cross motion. The plaintiff appeals. We affirm insofar as appealed from.
A bona fide purchaser for value is a party who purchased the subject property for valuable consideration without knowledge of facts that would lead a reasonably prudent person to make inquiry (see Cencore Props., Inc. v Spitzer, 189 AD3d 983, 983-984). Where there is evidence that valuable consideration was paid, an "unsupported claim" that the property was worth more is insufficient to raise a triable issue of fact (see Nethaway v Bosch, 199 AD2d 654).
Here, Greens purchased the property for $12,170,000 which was approximately 94% of the plaintiff's purchase price of $12,930,000. Further, Greens paid approximately two-thirds of the purchase price in cash and paid the remainder of the purchase price six months later. An affidavit of John Coladonato, a licensed real estate broker, submitted by the plaintiff in opposition to the separate motions of Fried, and Greens and Pilgrim, and in support of its cross motion, in which Coladonato opined that the property was worth "in excess of $30 million" on October 27, 2017, was conclusory and not based upon an appraisal. Rather, Coladonato's opinion was based upon a construction loan offered by Pilgrim. The Supreme Court properly concluded that the affidavit was of no probative value. Pilgrim's willingness to loan $28,000,000 for construction was not relevant to the value of the property.
In determining that Greens was a bona fide purchaser for value and Pilgrim was a bona fide encumbrancer for value, the Supreme Court relied on Da Silva v Musso (76 NY2d 436), which held that where an action affecting title, possession, use, or enjoyment of real property has terminated in a final judgment or order, a purchaser for value who has actual notice that the unsuccessful claimant has appealed may nevertheless take clear title to the property where the notice of pendency was cancelled and cancellation of the notice of pendency was not stayed pending appeal. That case is applicable here (see Singh v Ahamad, 154 AD3d 683, 684; 425 E 26th St. Owners Corp. v Beaton, 128 AD3d 766). Although there are exceptions to that rule in cases involving the priority of mortgages, this case does not involve the priority of mortgages (cf. Marcus Dairy v Jacene Realty Corp., 298 AD2d 366), nor is the plaintiff left without a remedy, since it may seek monetary damages against Arlington, which is still a defendant in the instant action (see AS Helios LLC v Chauhan (203 AD3d 567). Further, the fact that the plaintiff sought a stay of cancellation of the notice of pendency in the prior action, which was denied, does not inure to its benefit (see Govel v Trustco Bank, 182 AD3d 838).
The Supreme Court properly granted Fried's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him, since the allegations in the complaint, if proven, would establish that Fried acted in his capacity as a member of Arlington. Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation with respect to the challenged transaction, and (2) that domination was used to commit fraud or wrong against the plaintiff which resulted in injury to the plaintiff. At the pleading stage, the plaintiff must allege more than simply engaging in improper acts or acting in bad faith while representing the corporation. In addition to complete domination of the corporation, the pleading must allege abuse of the privilege of doing business in the corporate form to perpetrate a wrong or injustice (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47). Factors to consider in determining whether an individual has abused the corporate form include failure to adhere to corporate formalities, inadequate capitalization, commingling of assets and personal use of corporate funds (see Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074; see also Flushing Plaza Assoc. #2 v Albert, 102 AD3d 737). The court, in determining that the plaintiff failed to plead sufficient facts to pierce the corporate veil, noted that while the plaintiff alleged that Fried transferred the property to Arlington, there is no indication that that activity was fraudulent or wrongful.
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry [*4]of a judgment, inter alia, making appropriate declarations in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court