Blue Casa LLC v Menn
2026 NY Slip Op 03713
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Blue Casa LLC, Appellant,
v
Jeffrey Menn et al., Respondents.

Decided and Entered:June 11, 2026
CV-24-2042
Calendar Date: April 30, 2026
Before: Pritzker, J.P., Ceresia, Fisher, Mcshan And Corcoran, JJ.

The Sgambettera Law Firm, Saratoga Springs (Matthew J. Sgambettera of counsel), for appellant.
The West Firm, PLLC, Albany (Matthew W. Rimkunas of counsel), for respondents.

[*1]
Fisher, J.
Appeal from an order of the Supreme Court (Richard McNally Jr., J.), entered September 30, 2024 in Rensselaer County, which partially granted defendants' motion to, among other things, dismiss the complaint.
In December 2023, the parties entered into a contract for the sale of real property in the City of Troy, Rensselaer County. The contract for sale contained a mortgage contingency clause that allowed plaintiff to terminate the contract by written notice to defendants in the event plaintiff was unable to obtain a mortgage under specific terms. Plaintiff was ultimately unable to obtain a mortgage under the terms of the contract and timely sent a written notice to defendants declaring the contract canceled pursuant to the mortgage contingency clause. Thereafter, plaintiff sent correspondence rescinding the cancellation and proposing new financial terms which, on the morning of the rescheduled closing, defendants claimed that they never accepted and refused to continue with the sale. Plaintiff then commenced this action seeking specific performance of the contract. Defendants moved to dismiss, arguing, among other things, that plaintiff failed to state a cause of action because the contract had not been revived and that the new terms proposed by plaintiff constituted a new contract that defendants never accepted. Supreme Court granted defendants' motion to dismiss the complaint. Plaintiff appeals.
Defendants contend that the appeal is now moot because the subject property was sold to a third party before this appeal was perfected. We agree. "[T]he jurisdiction of this Court extends only to live controversies and, as such, an appeal will be considered moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Matter of Sullivan Farms II, Inc. v Town of Mamakating Planning Bd., 165 AD3d 1447, 1449 [3d Dept 2018] [internal quotation marks and citations omitted]; accord Govel v Trustco Bank, 182 AD3d 838, 839-840 [3d Dept 2020]). To that point, we take judicial notice of the recorded deed from the Rensselaer County Clerk's office reflecting a sale of the subject property to a nonparty to this action (see Hulett v Korb, 243 AD3d 1136, 1138 [3d Dept 2025]; Chateau Rive Corp. v Enclave Dev. Assoc., 22 AD3d 445, 447 [2d Dept 2005]). Plaintiff's notice of pendency was canceled before this sale occurred, and plaintiff did not seek a stay of said cancellation (see CPLR 5519 [c]). Defendants thus have no title to convey and specific performance of the contract for sale of the subject property is no longer possible (see Chester Green Estates, LLC v Arlington Chester, LLC, 211 AD3d 801, 804 [2d Dept 2022]). As plaintiff only sought specific performance and because the exception to the mootness doctrine does not apply here, we dismiss the appeal as moot (see Drake v Friedenthal, 108 AD3d 910, 911 [3d Dept 2013]; Gabriel v Prime, 30 AD3d 955, 957 [3d Dept 2006]; see also Chester Green Estates, LLC v Arlington Chester[*2], LLC, 211 AD3d at 804; Govel v Trustco Bank, 182 AD3d at 840; compare Real-X Realty, LLC v Crest Bellport, LLC, 247 AD3d 944, 946 [2d Dept 2026]).
We further deny defendants' request to sanction plaintiff on the basis that its appeal is frivolous. Defendants did not meet their burden of showing that plaintiff's action is completely without merit in law, was undertaken to delay or prolong litigation or asserted false material facts (see 22 NYCRR 130-1.1 [c]; Deutsche Bank Natl. Trust Co. v LeTennier, ___ AD3d ___, ___, 250 NYS3d 260, 266 [3d Dept 2026]; LaBoy v Diven, 244 AD3d 1201, 1204 [2d Dept 2025]; Cancilla v O'Rourke, 232 AD3d 1175, 1179 [3d Dept 2024]; Wells v Hodgkins, 150 AD3d 1449, 1452 [3d Dept 2017]).The parties' remaining contentions have been considered and found to be without merit or rendered academic.
Pritzker, J.P., McShan and Corcoran, JJ., concur. Ceresia, J., not taking part.
ORDERED that the appeal is dismissed, as moot, with costs.