Korman v Corbett (2020 NY Slip Op 02637)





Korman v Corbett


2020 NY Slip Op 02637


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2019-04234
 (Index No. 523834/18)

[*1]Seth Korman, et al., appellants, 
v
Roberta D. Corbett, etc., respondent, et al., defendants.


Desiderio, Kaufman & Metz, P.C., New York, NY (Jeffrey R. Metz and Massimo F. D'Angelo of counsel), for appellants.
Gallet Dreyer & Berkey, LLP, New York, NY (David Salhanick and Beatrice Lesser of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 22, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant Roberta D. Corbett which were pursuant to CPLR 3211(a)(5) to dismiss the first, third, fourth, and fifth causes of action, and to cancel the notice of pendency filed against the subject property.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Roberta D. Corbett which were pursuant to CPLR 3211(a)(5) to dismiss the first, third, fourth, and fifth causes of action, and to cancel the notice of pendency filed against the subject property are denied.
According to the complaint, Donna R. Barnes owned a two-unit house in Brooklyn. Barnes lived in one unit and rented the other unit to the plaintiffs. Prior to her death, Barnes and the plaintiffs allegedly entered into an oral agreement whereby the plaintiffs would provide Barnes, who required substantial assistance with activities of daily living, with home care services for the duration of her lifetime. In exchange for such services, the plaintiffs allegedly were to receive an option to purchase the subject property from Barnes' estate for the agreed-upon price of $1.2 million. It is undisputed that the plaintiffs provided necessary care to Barnes and maintained the property.
Although Barnes allegedly took steps to memorialize the alleged oral agreement intention and to include it in a revised will, she died prior to executing any document memorializing her intention. After Barnes' death, the defendant Roberta D. Corbett, the executor of Barnes' estate (hereinafter the defendant), refused to honor the claimed oral agreement. The plaintiffs commenced this action asserting six causes of action denominated as (1) specific performance of the alleged option to purchase, (2) quantum meruit, (3) declaration of an equitable ownership interest, (4) injunctive relief barring the defendant from evicting them, (5) constructive trust, and (6) unjust enrichment. The plaintiffs also filed a notice of pendency against the subject property.
The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the [*2]complaint on the ground that the oral agreement violated the statute of frauds, and to cancel the notice of pendency. The Supreme Court granted those branches of the motion which were to dismiss the first, third, fourth, and fifth causes of action, which are the causes of action in which the plaintiffs sought to enforce the option and/or secure an interest in the property, and to cancel the notice of pendency. The court denied those branches of the motion which were to dismiss the second and sixth causes of action sounding in quantum meruit and unjust enrichment, respectively, effectively narrowing the plaintiffs' remedies, if successful, to money damages. The plaintiffs appeal. We reverse.
At issue on this appeal is whether this action is governed by General Obligations Law § 5-701 or General Obligations Law § 5-703. Resolution of this issue is determinative as to whether the plaintiffs, if successful, are entitled to specific performance of the agreement alleged in the complaint.
General Obligations Law § 5-701, the general statute of frauds provision outlining which agreements must be in writing, contains no explicit statutory authority for a court, exercising its equitable powers, to grant specific performance of an oral agreement insufficiently memorialized in writing so as to satisfy the statute of frauds. Notably, in Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group (93 NY2d 229, 234 n 1), the Court of Appeals clarified that New York has not adopted a judicially created common-law exception to General Obligations Law § 5-701, which would permit a court to direct specific performance of an oral agreement in cases of part performance.
By contrast, General Obligations Law § 5-703, the more specific statute of frauds provision relating to contracts concerning real property, contains an explicit carve-out, which provides that "[n]othing contained in [General Obligations Law § 5-703] abridges the powers of courts of equity to compel specific performance of agreements in cases of part performance" (General Obligations Law § 5-703[4]).
Here, the plaintiffs' allegations that they entered into an oral option agreement with Barnes to purchase the subject property from her estate describe, in sum and substance, "[a] contract to devise real property . . . or any interest therein or right with reference thereto" (General Obligations Law § 5-703[3]), and therefore, this action is governed by General Obligations Law § 5-703 (see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d at 234 n 1; Anostario v Vicinanzo, 59 NY2d 662, 663). Accordingly, since the action is governed by General Obligations Law § 5-703, the plaintiffs are not foreclosed, as a matter of law, from obtaining the remedy of specific performance.
Contrary to the defendant's contention, this action is not governed by General Obligations Law § 5-701 because the plaintiffs' obligations under the alleged oral agreement to provide Barnes with home care services could not "be completed before the end of a lifetime" (General Obligations Law § 5-701). "Whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular enactment is inapplicable" (McKinney's Cons Laws of NY, Book 1, Statutes § 238). Here, General Obligations Law § 5-703, the more particular provision governing agreements concerning real property, is the operative statute. The case law relied upon by the defendant for the proposition that specific performance is unavailable is distinguishable in that those cases do not involve agreements concerning real property (cf. Shapiro v Eltman, Eltman & Cooper, P.C., 157 AD3d 835, 835; Kelly v P & G Ventures 1, LLC, 148 AD3d 1002, 1003). Moreover, the concerns raised by the defendant regarding specific performance of contracts that cannot be completed before the end of a lifetime are not implicated here, as the plaintiffs allege that they fully performed the home care services for Barnes, and the issue relates to the enforcement of Barnes' alleged promise to give the plaintiffs an option to purchase the subject property for a set price.
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(5) to dismiss the first, third, fourth, and fifth causes of action, and to cancel the notice of pendency.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court