Four RH Corp. v R&N Realty Holding, Inc.

2026 NY Slip Op 02105

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Four RH Corp., appellant

v

R & N Realty Holding, Inc., et al., defendants, BAC Home Loans Servicing, LP, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-01521, 2021-01522, (Index No. 719965/20)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellant.

Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated January 25, 2021, and (2) an order and judgment (one paper) of the same court, also dated January 25, 2021. The order, insofar as appealed from, granted those branches of the motion of Bank of America, N.A., successor by merger to the defendant BAC Home Loans Servicing, LP, which were to confirm a referee's report dated January 22, 2020, made after a nonjury trial, recommending dismissal of the complaint insofar as asserted against that defendant, and for summary judgment on that defendant's first counterclaim pursuant to RPAPL article 15 for a judgment declaring that its mortgage on the subject property is superior to a mortgage on the property held by the plaintiff. The order and judgment, insofar as appealed from, granted the same relief to that defendant and is in favor of that defendant and against the plaintiff dismissing the complaint insofar as asserted against that defendant and declaring that the defendant's mortgage on the property has priority over the plaintiff's mortgage on the property.

ORDERED that the appeal from the order is dismissed; and it is further,

ORDERED that the order and judgment is reversed insofar as appealed from, on the law and the facts, those branches of the motion of Bank of America, N.A., successor by merger to the defendant BAC Home Loans Servicing, LP, which were to confirm the referee's report dated January 22, 2020, and for summary judgment on that defendant's first counterclaim pursuant to RPAPL article 15 for a judgment declaring that its mortgage on the subject property is superior to the mortgage on the property held by the plaintiff are denied, the complaint is reinstated insofar as asserted against that defendant, the order is modified accordingly, so much of the order and judgment as, in effect, dismissed that defendant's second counterclaim as academic is vacated, that defendant's second counterclaim is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal [*2]therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).

In March 2005, R & N Realty Holding, Inc. (hereinafter R & N), took title to the subject property. In July 2005, R & N's president, Raymon McAdam, executed a note in favor of Greenpoint Mortgage Funding, Inc., in the principal sum of $412,500, which was secured by a first mortgage on the subject property (hereinafter the Greenpoint mortgage). In January 2007, R & N, by McAdam, executed a second note in favor of the plaintiff in the principal sum of $100,000, which was secured by a second mortgage on the subject property.

On February 23, 2009 (hereinafter the February 2009 closing), R & N conveyed the subject property to Lise Afoy, who placed a third mortgage on the subject property in favor of Professional Mortgage Bankers Corp., in the principal sum of $492,470. That mortgage ultimately was assigned to the defendant BAC Home Loans Servicing, LP (hereinafter the defendant). $371,500 of those proceeds were used to satisfy the Greenpoint mortgage, which rendered the plaintiff's second mortgage on the subject property a first mortgage.

In 2010, the plaintiff commenced the instant action to foreclose its mortgage. In 2013, the defendant interposed an amended verified answer asserting, among other things, two counterclaims, (1) pursuant to RPAPL article 15 for a judgment declaring that the defendant's mortgage lien had priority over the plaintiff's mortgage lien with regard to the subject property or (2), in the alternative, for equitable subrogation. The defendant did not plead the existence of a subordination agreement.

After a nonjury trial before a court attorney referee, the referee recommended, inter alia, that the complaint be dismissed insofar as asserted against the defendant, that a judgment be entered in favor of the defendant declaring its mortgage superior to all other mortgages, and that the plaintiff be found in breach of an agreement to subordinate its mortgage lien to the defendant's mortgage lien. Subsequently, the Supreme Court issued an order and an order and judgment incorporating those recommendations. The order and judgment also, in effect, dismissed the defendant's second counterclaim as academic. The plaintiff appeals.

According to the defendant, at the February 2009 closing, the plaintiff's counsel, Benzion Frankel, agreed that in exchange for $22,000, the plaintiff would subordinate its mortgage lien to the defendant's mortgage lien. A paper check payable to Benzion Frankel "as atty" for $22,000, which was among the February 2009 closing documents, with the word "Afoy" in the memo line was admitted into evidence at the trial. The evidence adduced at the trial also included a payoff letter from Benzion Frankel dated February 15, 2009, which stated that $123,162.50 was due on the mortgage, including $22,812.50 for interest.

At the trial, Elliot Frankel, who testified for the plaintiff, acknowledged that the plaintiff received a $22,000 payment at the February 2009 closing, but claimed that payment was for interest owed to the plaintiff and as an incentive for the plaintiff to refrain from commencing an action to foreclose its mortgage. McAdam testified, in relevant part, that he contacted Elliot Frankel prior to the February 2009 closing to request that the plaintiff subordinate its mortgage lien to second position in exchange for $22,000, which would be credited to principal.

A HUD-1 settlement statement, section 505, states "[p]ayoff of second mortgage loan, Benzion Frankel as atty $22,000.00" (emphasis added).

A representative of the title closer testified that as a result of a conversation with Benzion Frankel, the plaintiff agreed to accept $22,000 to subordinate its mortgage lien to the defendant's mortgage lien and the $22,000 payment was not a repayment of interest. However, in a prior affidavit, the representative claimed that the $22,000 was a "buy down" of the mortgage.

Afoy's attorney averred that to the best of her recollection, "R & N and Legend negotiated a short payoff" of the plaintiff's mortgage, and from the proceeds, "$22,000.00 was sent via wire transfer to Benzion Frankel PC Atty Trust Acct," which was consistent with section 505 of the HUD-1 settlement statement titled "[p]ayoff of second mortgage loan," which indicates that $22,000 was paid to Benzion Frankel "as atty."

The Supreme Court determined that, despite the failure to comply with the Statute of Frauds, "'[n]othing contained in [General Obligations Law § 5-703] abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance'" (Toobian v Golzad, 193 AD3d 778, 780, quoting Korman v Corbett, 183 AD3d 608, 610; see General Obligations Law § 5-703[4]).

However, "[a] party who relies on the part performance exception must demonstrate that his or her actions are 'unequivocally referable' to the oral agreement which he or she seeks to establish" (Toobian v Golzad, 193 AD3d at 780, citing Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235). "'Unequivocally referable' conduct is conduct which is inconsistent with any other explanation" (id., quoting Barretti v Detore, 95 AD3d 803, 806). "'It is insufficient that the oral agreement gives significance to plaintiff's actions. Rather, the actions alone must be unintelligible or at least extraordinary, explainable only with reference to the oral agreement'" (Gendler v Guendler, 174 AD3d 507, 509, quoting Alayoff v Alayoff, 112 AD3d 564, 566).

Here, the record presents several explanations for the $22,000 payment, i.e., (1) a "short payoff" of the mortgage, (2) the payment of back interest, to give the parties additional time to satisfy the mortgage, or (3) the payment of consideration on a new contract, in this case, a subordination agreement, the existence or terms of which were not referred to in writing at the February 2009 closing. Under the circumstances, there may have been no meeting of the minds, and the parties had different opinions as to the purpose of the $22,000. In any event, the payment of the $22,000 is not unequivocally referrable to a subordination agreement.

However, since the defendant's second counterclaim sounding in equitable subrogation was dismissed as academic, we remit the matter to the Supreme Court, Queens County, for further proceedings consistent herewith.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court